# UNITED STATES DISTRICT COURT
for the

Eastern District of North Carolina 


FILED
JAN 13 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

Eastern Division

| | |
|---|---|
| TERRANCE JOHNSON II <br><br> _____ <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> -v- <br> NICOLAS ESTES, ANDY CASH, ROY ROOKS, JOHN DOE, JOE SEALEY, TYREE DAVIS, TUSSIE BOONE, ROGER ECHOLS, HALIFAX COUNTY SHERIFF'S OFFICE, COUNTY OF HALIFAX NORTH CAROLINA <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 5:25-CT-3011-BO <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☐ Yes ☑ No |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | TERRANCE JOHNSON II |
| Address | 400 W 3rd St, Apt 6 |
| | Weldon, NC 27890 |
| | *City — State — Zip Code* |
| County | Halifax |
| Telephone Number | 252-529-5022 |
| E-Mail Address | Terrancejohnson2008@yahoo.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | NICOLAS ESTES |
| Job or Title *(if known)* | Corporal with Halifax County Sheriff's Office |
| Address | 355 Farrell Ln |
| | Halifax, NC 27839 |
| | *City — State — Zip Code* |
| County | Halifax |
| Telephone Number | 252-583-8201 |
| E-Mail Address *(if known)* | |

[✓] Individual capacity   [✓] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | ANDY CASH |
| Job or Title *(if known)* | Captain with Halifax County Sheriff's Office |
| Address | 355 Farrell Ln |
| | Halifax, NC 27839 |
| | *City — State — Zip Code* |
| County | Halifax |
| Telephone Number | 252-583-8201 |
| E-Mail Address *(if known)* | |

[✓] Individual capacity   [✓] Official capacity

## I(B) - DEFENDANTS

Defendant No 3: TYREE DAVIS

Job Title: Sheriff of Halifax County

Address: 355 Ferrell Ln

       Halifax, NC 27839

County: Halifax

Telephone Number: 252-583-8201

☑ Individual capacity ☑ Official capacity


Defendant No 4: JOHN DOE

Job Title: Unknown rank with Halifax County Sheriff's Office

Address: 355 Ferrell Ln

       Halifax, NC 27839

County: Halifax

Telephone Number: 252-583-8201

☑ Individual capacity ☑ Official capacity


Defendant No 5: ROGER ECHOLS

Job Title: Assistant District Attorney in Halifax County North Carolina

Address: 357 Ferrell Ln

       Halifax, NC 27839

County: Halifax

Telephone Number: 252-593-3010

☑ Individual capacity ☐ Official capacity

Defendant No 6: TUSSIE BOONE

Job Title: Assistant District Attorney in Halifax County North Carolina

Address: 357 Ferrell Ln

      Halifax, NC 27839

County: Halifax

Telephone Number: 252-593-3010

☑ Individual capacity    ☐ Official capacity


Defendant No 7: HALIFAX COUNTY SHERIFF'S OFFICE

Job Title: Employer of individual Defendants (Estes, Cash, Rooks, Doe, Sealey, and Davis)

Address: 355 Ferrell Ln

      Halifax, NC 27839

County: Halifax

Telephone Number: 252-583-8201

☐ Individual capacity    ☑ Official capacity


Defendant No 8: COUNTY OF HALIFAX NORTH CAROLINA

Job Title: Civil subdivision and policy maker

Address: 10 North King Street

      Halifax, NC 27839

County: Halifax

Telephone Number: 252-583-3612

☐ Individual capacity    ☑ Official capacity

Defendant No. 9

| | |
|---|---|
| Name | ROY ROOKS |
| Job or Title *(if known)* | Captain with Halifax County Sheriff's Office |
| Address | 355 Ferrell Ln |
| | Halifax, NC 27839 |
| | *City     State     Zip Code* |
| County | Halifax |
| Telephone Number | 252-583-8201 |
| E-Mail Address *(if known)* | |

☑ Individual capacity  ☑ Official capacity

Defendant No. 10

| | |
|---|---|
| Name | JOE SEALEY |
| Job or Title *(if known)* | Internal Affairs Lieutenant with Halifax County Sheriff's Office |
| Address | 355 Ferrell Ln |
| | Halifax, NC 27839 |
| | *City     State     Zip Code* |
| County | Halifax |
| Telephone Number | 252-583-8201 |
| E-Mail Address *(if known)* | |

☑ Individual capacity  ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
First, Fourth, Eighth, and Fourteenth Amendment rights

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

## II(D) - COLOR OF LAW

1. Nicolas Estes who held the rank of Corporal with Defendant Halifax County Sheriff's Office when the relevant events occurred, violated Plaintiff's First, Fourth, Eighth, and Fourteenth Amendment Rights which gave rise to this claim. During all times relevant Defendant Estes acted under color of state law.

2. Andy Cash who held the rank of Lieutenant with Defendant Halifax County Sheriff's Office on July 7, 2024, was promoted and held the rank of Captain when all other relevant events occurred. Defendant Cash failed to supervise Defendant Estes. Defendant Cash also failed to intervene and take reasonable steps to stop the unlawful conduct alleged in this complaint, even though he had a duty and opportunity to do so. During all times relevant Defendant Cash acted under color of state law.

3. Roy Rooks who held a rank of Captain with Defendant Halifax County Sheriff's Office when the relevant events occurred, endangered Plaintiff with his reckless and unlawful use of a marked patrol vehicle and inflicted cruel and unusual punishment upon Plaintiff in retaliation for remonstration. Defendant Rooks failed to supervise defendant Estes. Defendant Rooks also failed to intervene and take reasonable steps to stop the unlawful conduct alleged in this complaint, even though he had a duty and opportunity to do so. During all times relevant Defendant Rooks acted under color of state law.

4. John Doe who held an unknown rank with Defendant Halifax County Sheriff's Office when the relevant events occurred, failed to intervene and take reasonable steps to stop the unlawful conduct alleged in this complaint, even though he had a duty and opportunity to do so. During all times relevant Defendant Doe acted under color of state law.

5. Joe Sealey who held a rank of Lieutenant with Defendant Halifax County Sheriff's Office when the relevant events occurred, displayed deliberate indifference by failed to investigate Plaintiff's formal

complaint. He failed to discipline Defendant Estes for the unlawful conduct alleged in the complaint, even though he had a duty and opportunity to do so. During all times relevant Defendant Sealey acted under color of state law.

6. Tyree Davis who was Sheriff and final policymaker at Defendant Halifax County North Carolina when the relevant events occurred, displayed deliberate indifference to Plaintiff's due process rights when Plaintiff hand delivered a letter requesting disclosure of body worn camera footage, a copy of the police report, and a conclusion to Plaintiff's formal complaint; all of which pertain to Plaintiff's arrest on July 7, 2024. As final policy maker the actions of Davis rendered the County liable for purposes of this claim. The specific actions include failure to intervene, failure to supervise, failure to investigate, failure to train, deliberate indifference, denial of public records, and tactic approval of actions that are unlawful and violate the rights of citizens. During all times relevant Defendant Davis acted under color of state law.

7. Roger Echols who was an Assistant District Attorney in the Defendant County of Halifax North Carolina when the relevant events occurred, was the prosecutor on Plaintiff's criminal case. He brought Plaintiff before 2 trial dates without reviewing the evidence to establish probable cause. He failed to investigate and take reasonable steps to ensure that Plaintiff's prosecution was based on probable cause and not malicious intent or an officer's personal animus, even though he had a duty and opportunity to do so. During all times relevant Defendant Echols acted under color of state law.

8. Tussie Boone who was an Assistant District Attorney for Defendant County of Halifax North Carolina when the relevant events occurred, failed to intervene and take reasonable steps to ensure that Plaintiff's prosecution was based on probable cause, and not a malicious intent or an officer's personal animus, even though she had the duty and opportunity to do so. Defendant Boone was placed on verbal notice of an issue with Plaintiffs arrest and displayed deliberate indifference. Defendant Boone also failed to supervise. During all times relevant Defendant Boone acted under color of state law.

9. Defendant County of Halifax North Carolina is a civil and political subdivision located in the State of North Carolina. This county's conduct through customs, policy, or decisions made by officials, were performed in the exercise of governmental powers delegated to them by the state, thereby rendering the county liable under 42 U.S.C. 1983 for violations of Plaintiff's constitutional rights. The actions in question were taken pursuant to the county's authority under state law and as a part of the county's official functions. The specific actions include failure to intervene, failure to supervise, failure to investigate, failure to train, denial of due process, withholding public records, deliberate indifference, and tactic approval of actions that are unlawful and violate the rights of citizens. During all times relevant the county acted under color of state law.

10. Defendant Halifax County Sheriff's Office is the public employer of individual Defendants Estes, Rooks, Cash, Doe, Sealey, and Davis during all relevant events and actions. The actions in question were taken pursuant to the county's authority under state law and as a part of the county's official functions. The specific actions include failure to intervene, failure to supervise, failure to investigate, failure to train, deliberate indifference, withholding public records and tactic approval of actions that are unlawful and violate the rights of citizens. During all times relevant Defendant Halifax County Sheriff's Office acted under color of state law.

N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.
(See Pages 6-8)

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?
400 W 3rd Street
Weldon, NC 27890

357 Ferrell Lane      355 Ferrell Lane
Halifax, NC 27839    Halifax, NC 27839

B. What date and approximate time did the events giving rise to your claim(s) occur?
7/7/24 around 12:30 AM, at 400 West 3rd Street, Weldon NC 27890
8/14/24 around 1:00 PM, and 9/13/24 to present, at 355 Ferrell Lane, Halifax, NC 27839
9/24/24 around 9:00 AM, and 11/13/24 around 9:00 AM, at 357 Ferrell Lane, Halifax, NC 27839
10/18/24 around 3:00 PM, and 11/22/24 around 4:00 PM, at 357 Ferrell Lane, Halifax, NC 27839
11/4/24 around 1:00 PM at 355 Ferrell Lane, Halifax, NC 27839

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
(See Pages 10-16)

## III(C) - STATEMENT OF FACTS

1. Around 12:30 AM on July 7, 2024 there was an ongoing block party a couple blocks from Plaintiff's house. Plaintiff saw red lights from an ambulance outside his apartment and became worried. Upon going outside, Plaintiff saw his neighbor in her yard and walked across 3rd Street to ask her if she knew what was happening.

2. As Plaintiff was conversing with his neighbor, he observed a marked patrol vehicle park behind the stop sign at the intersection of Chestnut Street and West 3rd Street in the town of Weldon North Carolina, located in the Defendant County of Halifax North Carolina. Plaintiff at this time decided to distance himself from the deputies to avoid trouble.

3. Plaintiff exchanged pleasant words with Defendant Deputy John Doe as Defendant Doe crossed West 3rd Street, which is a one-way street with 2 lanes traveling in the same direction. Plaintiff still looked both ways and noticed a marked patrol vehicle being driven by Defendant Captain Roy Rooks sitting idly at the intersection of Mulberry Street and West 3rd Street. Plaintiff waited for a few more seconds and proceeded to start crossing the street walking the opposite direction of Defendant Doe.

4. As Plaintiff was nearing the dotted lines that separate the two lanes, Plaintiff observed the overhead lamps illuminate on the vehicle being driven by Defendant Rooks. That vehicle then turned the wrong direction on 3rd Street and begin to rapidly accelerate toward Plaintiff. Plaintiff did not hear any audible sirens. While being blinded by the flashing lights, Plaintiff at this point hunched his shoulders and said out loud but not to anyone in particular, something to the extent of "What the fuck is his problem" or "What's his problem!?" Plaintiff finished crossing the street and the vehicle slowed and rapidly made a right turn directly in front of Plaintiff.

5. As the vehicle turned, Plaintiff verbally expressed disapproval or remonstration of Rooks' actions as he rapidly accelerated before parking.

6. Defendant Corporal Nicolas Estes approached Plaintiff and began to assert that "we expect that right of way when we have our blues on." Up until this point Plaintiff was unaware of Defendant Estes' presence.

7. Plaintiff remonstrated Defendant Estes by stating, "No, that's bullshit."

8. Defendant Estes, visibly angered, demanded that Plaintiff "stop cursing," to which Plaintiff calmly asserted his First Amendment right by saying, "I'll say what I want to say."

9. Defendant Estes attempted to chill Plaintiff's First Amendment right by saying "hahaha no you won't" in a threatening and sarcastic tone, while staring down Plaintiff.

10. Plaintiff while seemingly complying with Defendant Estes' request to "stop cursing", again asserted his First Amendment right by calmly saying "I'll say what the hell I want to say," turned his back to Defendant Estes, and disengaged from Defendant Estes ending the consensual encounter.

11. Paragraphs 6-10 happened in the span of approximately 12 seconds.

12. Without warning Defendant Estes lunged and forcefully grabbed Plaintiff's arm from behind while simultaneously saying "come here."

13. In response to this sudden unlawful and unreasonable physical action, Plaintiff asked "what the fuck are you doing" as he instinctively pulled away and fell.

III(D) - STATEMENT OF FACTS 11 of 20

14. Plaintiff stood back to his feet while still repeatedly shouting "what the fuck are you doing" at Defendant Estes.

15. Defendant Estes then forcibly seized Plaintiff by slamming him to the ground.

16. Defendant Captain Andy Cash and Defendant Doe visually saw Defendant Estes' use of force as they ran over surrounding Plaintiff and Defendant Estes.

17. During this time Plaintiff's spouse ran outside screaming "what's going on" while running over to Defendants. Defendants told Plaintiff's spouse to "stay back" which she did not.

18. All aggression towards Plaintiff ceased at that moment.

19. Only then was Plaintiff allowed to stand up.

20. While Plaintiff was being cuffed, Defendant Rooks ran to surround Plaintiff and defendants. Defendant Rooks dropped a loaded magazine on the ground in Plaintiff's yard as he was running.

21. Defendant Estes then walked Plaintiff to the vehicle being driven by Defendant Rooks.

22. Around the time of 12:30 on July 7, 2024, Plaintiff's vehicle was equipped with a digital rear view mirror system made by Seicane. This system simulates a normal rear-view mirror, while both displaying, and recording digital footage captured from cameras fixed in multiple positions. The positions include but are not limited to a rear facing camera that is mounted on Plaintiff's trunk. This system is hard wired to Plaintiff's fuse box and captures surveillance video without audio in a 10-hour parking mode when the vehicle's ignition is turned off. Via this parking mode, Plaintiff's rear facing camera captured and saved hours of footage prior to, during, and after the events listed in paragraphs 1-21. This footage

III(D) - STATEMENT OF FACTS 12 of 20

has been preserved, is available for discovery and serves as conclusive evidence of Plaintiff's allegations in paragraphs 1-21.

23. As Defendant Estes was standing beside the patrol SUV searching Plaintiff, Defendant Rooks turned off the vehicle's ignition. Defendant Rooks then repeatedly lowered and raised the rear window on the driver's side several times in each direction until he got to the desired space of approximately 2 inches.

24. Defendant Estes placed Plaintiff inside the vehicle. Immediately upon shutting the door, Plaintiff struggled to take deep breaths and yelled 3 or 4 times that he could not breathe.

25. Defendants Rooks and Estes walked away without addressing Plaintiff's obvious signs of respiratory and emotional distress.

26. Plaintiff sat in the vehicle for 7 minutes struggling to breathe. Plaintiff found slight relief by putting his mouth up to the 2-inch crack.

27. During this time Plaintiff noticed his spouse yelling frantically that someone dropped a magazine, while presenting a magazine to Defendants. Plaintiff yelled to his spouse to "go inside" for fear of her also being unlawfully arrested.

28. Defendant Estes eventually walked back over to the patrol vehicle and opened the rear door. Immediately upon opening the rear door, Plaintiff felt respiratory relief and was then able to take deep breaths. Defendant Estes grabbed Plaintiff's left arm and shook slightly, almost as to check if Plaintiff was coherent. Defendant Estes then removed Plaintiff from the rear of the vehicle [Plaintiff thanks Defendant Estes gravely for this action], placed Plaintiff in the front seat of his K9 vehicle and

III(D) - STATEMENT OF FACTS                                          13 of 20

Case 5:25-ct-03011-BO     Document 1     Filed 01/13/25     Page 13 of 20

transported Plaintiff to Defendant Halifax County Sheriff's Office which is located in the Defendant County of Halifax North Carolina.

29. During transport, Defendant Estes said to Plaintiff "I tell people something one time and if they don't listen, they go in cuffs. Thats the only way you get respect in this job."

30. According to the magistrate's order, Defendant Estes swore that he was "responding to a call assisting the Weldon PD with a large gathering of people causing a disturbance" and arrested Plaintiff "for disorderly conduct." To support this charge, Defendant Estes alleged that Plaintiff's actions amounted to saying "what the fuck is the officer's problem and this is bullshit in front of a large crowd of people" (See Exhibit 1).

31. Plaintiff was charged with disorderly conduct and resisting delaying or obstructing, given a $2000 unsecured bond (See Exhibit 2) and subsequently transported back to his home address in Weldon North Carolina by Defendant Estes.

32. Due to the worsening pain from the events of July 7, 2024, Plaintiff decided to seek medical attention at ECU Health North in Roanoke Rapids North Carolina on July 9, 2024 (See Exhibit 3).

33. Plaintiff put in a formal complaint on August 14, 2024 (See Exhibit 4). Plaintiff also submitted a request with Halifax County Sheriff's Office for the police report attached to his arrest on July 7, 2024. Plaintiff was only given the cover sheet to the report (See Exhibit 5).

34. Plaintiff spoke with Defendant Lieutenant Joe Sealey on or around September 13, 2024 (See Exhibit 6). During this conversation, Plaintiff was informed that Defendant Cash had been promoted to Captain, and Defendant Cash handled Plaintiff's initial complaint as a result. Defendant Sealey informed

Plaintiff that he would take over the complaint, and Plaintiff emailed a copy of the complaint to Defendant Sealey (See Exhibit 7).

35. Plaintiff had trial scheduled on September 24, 2024.

36. On September 24, 2024 Plaintiff's counsel filed a motion to withdraw. After which Plaintiff requested "an attorney that has no conflict of interest." Judge Stephenson promptly told Plaintiff that he was "putting too many stipulations on having a lawyer." As a result of this deliberate indifference to conflicts of interests, Plaintiff declined the appointment of a subsequent legal counsel and opted to proceed in a pro se capacity.

37. Also on September 24, 2024 Defendant Assistant District Attorney Roger Echols informed the court that Defendant Estes had "training," and could not attend trial. Defendant Echols requested a continuance, which was granted over Plaintiff's objection. Plaintiff picked the earliest available trial date of November 13, 2024 and Plaintiff informed the court that he would be pleading not guilty on November 13, 2024.

38. Plaintiff again spoke with Defendant Sealey on or around October 1, 2024 (See Exhibit 6). Plaintiff has received no transparency or communication from Defendant Sealey as of the time of this filing.

39. Plaintiff spoke with Assistant District Attorney Tussie Boone on October 18th (See Exhibit 8) and she displayed deliberate indifference to allegations that there was a lack of probable cause in Plaintiff's arrest. Defendant Boone failed to supervise.

40. Defendant Sheriff Tyree Davis' office does not have a form to request body worn camera footage or police reports.

III(D) - STATEMENT OF FACTS 15 of 20

41. Plaintiff hand delivered a sealed handmade envelope (See Exhibit 9) containing a letter (See Exhibit 10) for Defendant Davis on November 4, 2024. In the letter, Plaintiff requested disclosure of the body worn camera footage from July 7, 2024, the police report from July 7, 2024, and for there to be a conclusion to the complaint Plaintiff filed on August 14, 2024.

42. At the time of this filing, the requested materials have never been furnished, and Plaintiff has not had correspondence with Defendant Davis regarding the requests made in the letter.

43. Defendant Estes was subpoenaed to appear for Plaintiffs trial on November 13, 2024.

44. On November 13, 2024 Jane Doe with Halifax County District Attorney's Office informed the court that Defendant Estes allegedly was again at "training," and as a result Defendant Echols would be "accepting a dismissal." The State requested a dismissal and charges were settled in favor of Plaintiff. Defendant Estes failed to appear for a hearing he was subpoenaed to attend, and failed to notify the prosecutor's office of his alleged "training" on November 13, 2024. (See Exhibit 11)

45. On November 22, 2024 Plaintiff spoke with Defendant Boone for a second time (See Exhibit 8) and she displayed indifference to allegations of no probable cause and malicious prosecution that took place under her leadership.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Physical Injuries- lingering knee pain, shoulder pain, lingering back pain, foot pain, wrist pain, discomfort, bruising, soreness, difficulty breathing

Plaintiff did seek medical attention for the physical injuries he sustained.

Emotional injuries in the form of emotional stress over the court case (From July 7, 2024-November 13, 2024)
Lingering emotional distress when plaintiff is around any police officer.
Lingering fear and anxiety
Humiliation and shame
Sleep and concentration Issues

Plaintiff is seeking monetary damages in order to obtain treatment for emotional injuries sustained on July 7, 2024 to present.

Injuries from systemic abuse/Constitutional injuries
Lack of access to exculpatory evidence, systemic deliberate indifference, false arrest, malicious prosecution
Violations of Plaintiffs First, Fourth, Eighth, and Fourteenth Amendment Rights

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1. Compensatory damages in the amount of $1,000,000 for physical injuries, future treatment for emotional injuries, reputational harm, and violation of Plaintiff's constitutional rights under the First, Fourth, Eighth and Fourteenth Amendments caused by the actions of Defendants, included but not limited to: unlawful arrest, malicious prosecution, emotional distress, infliction of cruel and unusual punishment, unreasonable force, retaliation for exercising constitutionally protected free speech, denial of due process.

2. Punitive damages in the amount of $500,000 against individual Defendants (Nick Estes, Andy Cash, Tyree Davis, Joe Sealey, Roy Rooks, Tussie Boone, and Rodger Echols) to punish their reckless, malicious, and deliberate indifference to Plaintiff's constitutional rights and to deter such conduct in the future.

3. Damages for the Monell Claim in the amount of $8,500,000: An additional award of damages against Defendant County of Halifax North Carolina and Defendant Halifax County Sheriff's Office: failing to adequately supervise and train deputies regarding constitutional rights and use of force, systemic withholding of body worn camera footage, withholding of public records, failure to intervene, depriving individuals of due process, failing to investigate complaints of misconduct, tactic approval of retaliation against individuals for exercising protected speech, creating a culture of impunity.

(See Pages 18-19)

## V - RELIEF

4. Permanent injunction requiring Tyree Davis to implement polices that ensure timely disclosure of body worn camera footage and police reports to individuals authorized by law to receive such disclosure or release. This is including but not limited to: having forms in his office to request these materials and responding to the request within a reasonable amount of time.

5. Permanent injunction requiring Tyree Davis to implement annual training on the First Amendment and appropriate responses to First Amendment protected speech.

6. Permanent injunction requiring Tyree Davis to implement a policy that forbids Halifax County Sheriffs from turning off their vehicle's ignition with someone in custody inside the vehicle.

7. Permanent injunction requiring County of Halifax North Carolina to equip all marked and unmarked Sheriff vehicles with dashboard camera systems.

8. Permanent injunction requiring County of Halifax North Carolina to redesign the rear windows of Sheriff patrol vehicles to be equipped with a barrier that allows for ventilation such as plexiglass with vents, or metal bars. This is to ensure proper ventilation to the rear of the patrol vehicles should the rear window need to be lowered for any reason.

9. Permanent injunction requiring Halifax County Sheriff's Office to implement a policy that requires a formal complaint to be personally taken over by the Sheriff in the event that a complaint is ruled to be unfounded or not sustained, or a complaint has not been ruled to be unfounded or sustained within 30 days. The functions to ensure proper training and discipline is handed down from leadership and to bring a conclusion to formal citizen complaints within a reasonable amount of time or at all.

10. Permanent injunction requiring Tussie Boone and Roger Echols to implement policies that require prosecutors to view body worn camera footage, in an effort to ensure every arrest is lawful before proceeding to trial or plea.

11. Permanent injunction requiring Defendant County of Halifax North Carolina to create an independent citizen review board.

12. A meeting with individual Defendants Estes, Cash, Rooks, Doe, Sealey, Davis and Boone and Echols in which Plaintiff receives a formal apology for the conduct that occurred.

13. Any other relief that the court deems just and proper under the circumstances,

V - RELIEF

19 of 20

Case 5:25-ct-03011-BO     Document 1     Filed 01/13/25     Page 19 of 20

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12-28-24

Signature of Plaintiff

Printed Name of Plaintiff    Terrance Johnson II

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

*City*    *State*    *Zip Code*

Telephone Number
E-mail Address