IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-03011-BO

TERRANCE JOHNSON, III,                    )
                                          )
                Plaintiff,                )
                                          )
        v.                                )          ORDER
                                          )
NICOLAS ESTES, et al.,                    )
                                          )
                Defendants.               )


Terrance Johnson, III ("plaintiff") filed this civil rights complaint, pro se, pursuant to

42 U.S.C. § 1983. The matter now is before the court for an initial review pursuant to 28 U.S.C.

§ 1915(e)(2)(B). The matter also is before the court on plaintiff's motion for leave to proceed in

forma pauperis (DE 2).

The court begins with plaintiff's motion for leave to proceed in forma pauperis. The court

finds plaintiff has established the requisite inability to pay the filing fee in this action. See 28

U.S.C. § 1915(a). Thus, plaintiff's motion is granted.

The court next conducts its initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). See Ross

v. Baron, No. 12–1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); see also Mallard v.

United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 307.08 (1989). The court is required

to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim

on which relief can be granted or which seeks money damages from a defendant immune from

such recovery. 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it lacks an arguable basis in

either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Pro se complaints are entitled

to a more liberal treatment than pleadings drafted by lawyers. See White v. White, 886 F.2d 721,

722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. Denton v. Hernandez, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

Plaintiff names the following defendants: Nicolas Estes ("Estes"), a Corporal with the Halifax County Sheriff's Department (the "Sheriff's Department"); Andy Cash ("Cash"), a Captain with the Sheriff's Department; Tyree Davis ("Davis"), the Halifax County Sheriff; John Doe; Roger Echols ("Echols"), a Halifax County Assistant District Attorney ("ADA"); Tussie Boone ("Boone"), a Halifax County ADA; the Halifax County Sheriff's Department; Halifax County; Roy Rooks ("Rooks"), a Captain with the Sheriff's Department; and Joe Sealey ("Sealey"), an internal affairs lieutenant with the Sheriff's Department. Plaintiff makes claims in connection with an alleged unlawful arrest on July 7, 2024.

Beginning with defendant Estes, plaintiff asserts Estes violated his rights pursuant to the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. The court ALLOWS plaintiff to proceed with his claims against defendant Estes.

Plaintiff also asserts defendants Cash and Rooks failed to intervene during the alleged unlawful arrest and subsequent events. Plaintiff is ALLOWED to proceed with this claim. However, to the extent plaintiff alleges defendants Cash and Rooks failed to supervise defendant Estes, the doctrine of respondeat superior does not generally apply to a section 1983 action. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676–77 (2009); Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Plaintiff's conclusory allegations that defendants Cash and Rooks failed to supervise Estes are "insufficient to meet the heavy burden in supervisor liability cases." Knowles v. Lewis, No. 5:11-

CT-3113-FL, 2012 WL 3637241, at *5 (E.D.N.C. Aug. 22, 2012); Adkins v. Barnhart, No. RDB-23-1768, 2024 WL 4025836, at *7 (D. Md. Sept. 3, 2024). Thus, plaintiff fails to state a failure to supervise claim against defendants Cash and Rooks.

To the extent plaintiff generally alleges a claim for retaliation against defendant Rooks, his conclusory allegations are insufficient to state a claim pursuant to the First Amendment. See Giarrantano v. Johnson, 521 F.3d 298, 304 n. 5 (4th Cir. 2008); Iqbal, 556 U.S. 678 (stating that a pleading that offers " labels and conclusions" or " a formulaic recitation of the elements of a cause of action will not do[.]") (citation omitted); White, 886 F.2d at 723; Hughes v. Smith, No.7:20cv00061, 2021 WL 1259308, at *2 (W.D. Va. Apr. 6, 2021) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Thus, plaintiff's retaliation claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The court next addresses plaintiff's claims against defendant Davis. To the extent plaintiff contends Davis refused to provide plaintiff body worn camera footage or a copy of a police report, the court construes these allegations as an attempt to assert plaintiff was denied access to courts. In order to state a claim for denial of access to the courts, a plaintiff must show actual injury or that a defendant's conduct hindered her efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). The United States Supreme Court held in Lewis that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis, 518 U.S. at 351 (quotation omitted). The right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Id. at 353. Here,

plaintiff has not alleged any injury, and the record reflects plaintiff has been able to pursue his claims in this action despite the alleged missing information. Thus, plaintiff failed to state a claim.

To the extent plaintiff seeks to assert a claim against Davis based upon Davis' alleged failure to provide "a conclusion to [plaintiff's] formal complaint," there is no constitutional right to an investigation. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989); Jones v. Solomon, No. 1:18-cv-FDW, 2018 WL 4905372, at *8 (W.D.N.C. Aug. 16, 2018). Thus, the court DISMISSES this claim against Davis.

To the extent plaintiff makes the general allegations of "failure to intervene," "deliberate indifference," "failure to supervise," or "tacit approval" with respect to defendant Davis, these conclusory allegations fail to state a claim. See ((DE 1), p. 7); Iqbal, 556 U.S. at 678–79; White, 886 F.2d at 723 (stating minimum level of factual support required). Thus, these allegations are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, to the extent plaintiff asserts defendant Davis failed to train defendants Estes, Cash, and Rooks regarding "First Amendment protected speech" and failed to implement a policy which forbids Halifax County Sheriff's from turning off their vehicle's ignition when a passenger is in the vehicle, he may proceed with this claim. See ((DE 1), p. 18).

The court turns to plaintiff's claims against defendants Echols and Boone. Plaintiff asserts defendants Echols and Boone failed to ensure that plaintiff's prosecution was based upon probable cause. Prosecutors are absolutely immune when carrying out prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Liles v. Edwards, No. 23-7006, 2024 WL 446143, at *1 (4th Cir. Feb. 6, 2024). Here, plaintiff's allegations against defendants Echols and Boone arise out of their prosecutorial duties, for which a prosecutor has immunity. See Imbler, 424 U.S. at 431 (holding that a state prosecutor has absolute immunity for initiating a prosecution and

4

presenting the State's case); see also, Ostrzenski v. Seigel, 177 F.3d 245, 250 (4th Cir. 1999). Therefore, plaintiff's claims against defendants Echols and Boone are barred by the doctrine of prosecutorial immunity.

The court next turns to plaintiff's allegations against the John Doe defendant. The Fourth Circuit Court of Appeals has held that "the designation of a John Doe defendant is generally not favored in the federal courts[.]" Chidi Njoku v. Unknown Special Unit Staff, No. 99-7644, 2000 WL 903896, at *1 (4th Cir. July 7, 2000). Accordingly, the court DISMISSES the John Doe defendant from this action without prejudice. Should plaintiff later discover the identity of the John Doe defendant, he may then file a motion to amend to name the appropriate party.

To the extent plaintiff names the Sheriff's Department as a defendant in this action, actions filed pursuant to § 1983 must be directed at persons. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989); Virginia Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 188–89 (4th Cir. 2005) (jail building is not a "person" subject to suit under § 1983); Gibson v. Harrison, No. 5:15-CT-3055-FL, 2017 WL 4126980, at *7 (E.D.N.C. Sept. 18, 2017) (holding the Wake County Sheriff's Department is not an entity amenable to suit under § 1983), aff'd, 710 F. App'x 175 (4th Cir. 2018). The Sheriff's Department is not a person, and is dismissed from this action.

To the extent plaintiff names Halifax County as a defendant, "in the realm of county law enforcement, it is not the office of the sheriff but the sheriff [who] is the duly delegated policy maker for the county." Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 874 (4th Cir.1989). Thus, a claim against the sheriff, which plaintiff has alleged here, is "effectively a claim against the governing body of the of the County." Id. Thus, Halifax County is not a proper defendant in this action and is hereby dismissed from this action. See Kifer v. Crow, No. 3:21-CV-039-DCK, 2023

5

WL 5192113, at *9 (W.D.N.C. Aug. 11, 2023), <u>appeal</u> <u>dismissed</u>, 2024 WL 4185944 (4th Cir. June 14, 2024).

Finally, the court considers plaintiff's allegations against defendant Sealey. Plaintiff alleges defendant Sealey failed to investigate his formal complaint and failed to discipline defendant Estes. As stated, there is no constitutional right to an investigation. <u>DeShaney</u>, 489 U.S. 189 at; <u>Jones</u>, 2018 WL 4905372, at *8. Thus, defendant Sealey is DISMISSED from this action.

In summary, plaintiff's motion for leave to proceed in forma pauperis (DE 2) is GRANTED. Plaintiff is ALLOWED to proceed with his claims against defendants Estes, Cash, Rooks, and Davis as set forth above. The remaining claims and defendants are DISMISSED from this action as set forth above. The Clerk is DIRECTED to terminate all defendants except defendants Estes, Cash, Rooks, and Davis. The court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the ___ 7 ___ day of April, 2025

_Terrence Boyle_
TERRENCE W. BOYLE
United States District Judge