FILED
JUL 21 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ______ DEP CLK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**EASTERN DIVISION**
**Civil Action No. 5:25-CT-3011-BO**

| | | |
|---|---|---|
| **TERRANCE JOHNSON II, pro se** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **PLAINTIFF'S** |
| | ) | **RULE 26(f) NOTICE** |
| **v.** | ) | **AND REQUEST FOR** |
| | ) | **COURT INTERVENTION** |
| | ) | |
| **NICOLAS ESTES, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

---

**PLAINTIFF'S NOTICE REGARDING RULE 26(f) CONFERENCE AND REQUEST FOR SCHEDULING ORDER AND DISCOVERY COMPLIANCE**

Now comes Plaintiff Terrance Johnson II, appearing pro se, to submit the following notice with regard to Parties' Rule 26(f) conference and respectfully request that the Court issue a scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Plaintiff asks the court to issue an order to address the following issues impeding discovery:

**1. RULE 26(f) CONFERENCE ATTEMPTED**

Plaintiff participated in a Rule 26(f) conference with defense counsel on June 13, 2025. However, Plaintiff and Defense Counsel neglected to discuss several of the required topics under Rule 26(f). Notably the Parties neglected to discuss prospects for settlement, any defenses and legal arguments, and a plan for Defendants to complete discovery. The only thing discussed was initial disclosures. Defense Counsel is under the belief that no discovery planning is necessary

under Rule 26(f). Defense Counsel believes Plaintiff is "confusing the discovery process with the rule 26(f) conference." Plaintiff can not make sense of this statement and believes her position is improper. Parties can not come to an agreement on a discovery plan.

**2. FAILURE TO PRODUCE RULE 26(a)(1) DISCLOSURES**

Defense counsel certified that initial disclosures were served pursuant to Rule 26(a)(1), but no documents, recordings, names, or phone numbers have been produced. Plaintiff followed through on his agreed plan of disclosing all videos and information in his possession. Plaintiff later certified discovery of all items previously disclosed at the time. When asked, defense counsel indicated that any discoverable documents were only available for inspection at her office. As a pro se litigant located outside of Raleigh, Plaintiff objects to traveling to inspect documents that can reasonably be produced electronically or by mail. Plaintiff would also like to highlight the requirement for sanctions to be imposed on Defense Counsel under Rule 26(g).

**3. IMPROPER PRIVILEGE CLAIMS**

After certifying disclosure Counsel for the Defense asserts that the responsive documents listed in DEFENDANTS' RULE 26 INITIAL DISCLOSURES are privileged. In support, Defendants have not drafted a privilege log as required by Rule 26(b)(5), highlighted issues of privilege in a Rule 26(f) Joint Discovery Plan, nor filed a motion for protective order under Rule 26(c). The informal assertion of privilege through email is improper and undermines the discovery process. Plaintiff also looked to state law in an effort to ascertain Defendants claim of privilege. Plaintiff highlighted to Defense Counsel that he is under the belief that incident reports from an arrest usually do not fall within the scope of "investigative reports," under North Carolina General Statute 132-1.4(a). Plaintiff believes the records from his arrest fall under North Carolina General Statute 132-1.4(c) as Plaintiff has been formally arrested, prosecuted,

charges dismissed with prejudice and expunged. Defense Counsel responded today citing North Carolina General Statute 132-1.4A. This is a body worn camera statute. Plaintiff knows that Body Worn Camera footage is privileged under this statute. Plaintiff has used this very statute to obtain the body worn camera footage that was disclosed to Defense Counsel. However, this statute has nothing to do with documents. Plaintiff feels the best way to address this issue is to place the court on notice and ask for guidance.

**4. LACK OF SETTLEMENT AUTHORITY**

During discussions, defense counsel advised that she does not have settlement authority. Plaintiff respectfully submits that this frustrates the purpose of any future Rule 16 conference or court required settlement discussions.

**5. REQUEST FOR COURT ACTION**

Plaintiff respectfully requests that the Court:

a. Issue a scheduling order under Rule 16(b)

b. Direct Defendants to immediately produce initial disclosures in a reasonably accessible form (electronically or by mail)

c. Impose the required sanctions for improper certification under Rule 26(g)

d. Require that any privilege claims be formally asserted with a privilege log or appropriate motion

e. Require that any future settlement discussions include a representative with full settlement authority pursuant to Rule 16(c)

Respectfully submitted this 16th day of July, 2025

Terrance Johnson II
400 West 3rd Street
Apt 6
Weldon, North Carolina 27890
Telephone: (252) 529-5022
Email:terrancejohnson2008@yahoo.com
Plaintiff, pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the forgoing **PLAINTIFF'S RULE 26(f) STATEMENT AND REQUEST FOR COURT INTERVENTION** has been sent to the following Attorney for the Defendants Erin H. Epley, at One West Fourth Street, Winston Salem, North Carolina, 27101 via United States Postal Service on this 16th day of July 2025.


Terrance Johnson II
400 West 3rd Street
Apt 6
Weldon, NC 27890
Terrancejohnson2008@yahoo.com
(252)529-5022
Plaintiff, pro se