IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:25-CT-03011-BO

| | | |
|---|---|---|
| TERRANCE JOHNSON, II,<br><br>Plaintiff,<br><br>v.<br><br>NICOLAS ESTES, ANDY CASH, and TYREE DAVIS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **DEFENDANTS' RESPONSE TO PLAINTIFF'S "RULE 26(f) NOTICE AND REQUEST FOR COURT INTERVENTION" (D.E. 22)** |

NOW COME Defendants Nicolas Estes, Anthony Cash,[1] and Halifax County Sheriff Tyree Davis ("Defendants"), by and through Undersigned Counsel, and hereby respond to Plaintiff's "Rule 26(f) Notice and Request for Court Intervention" (D.E. 22).

In his "Rule 26(f) Notice and Request for Court Intervention," Plaintiff makes various unfounded assertions with respect to the Parties' Rule 26(f) Conference, Rule 26(a) Initial Disclosures, "Improper Privilege Claims," and "Lack of Settlement Authority." *Id.* at 1-3. Defendants address such assertions below.

First, Plaintiff asserts that the Parties "neglected to discuss several of the required topics under Rule 26(f)," such as "prospects for settlement, any defenses and legal arguments, and a plan for Defendants to complete discovery." *Id.* at 1. Plaintiff further asserts that "Defense Counsel is under the belief that no discovery planning is necessary under Rule 26(f)." *Id.* These assertions mischaracterize the discussions between Plaintiff and Defense Counsel on June 13, 2025. On June

[1] Captain Anthony Cash is misidentified in Plaintiff's Complaint as "Andy Cash."

13, 2025, Defense Counsel informed Plaintiff that she lacked settlement authority at this time, particularly in light of the fact that this case is in the early stages of litigation. Further, Defense Counsel is unaware of any obligation, beyond answering the allegations in Plaintiff's Complaint, that require Defendants to discuss their "defenses and legal arguments" with Plaintiff. Any such information would be protected from disclosure by both the attorney-client privilege and work product doctrine.

Further, during the discussion with Plaintiff on June 13, 2025, Defense Counsel reminded Plaintiff that the Court entered a Scheduling Order (D.E. 19) ten days earlier on June 3, 2025, and that the Court's Scheduling Order set forth the deadlines for completion of discovery and dispositive motions. The Court's Scheduling Order did not order that the Parties submit a proposed Rule 26(f) Report, presumably because the key deadlines in this case are encompassed in the Order. As such, Plaintiff and Defense Counsel did not discuss the matters on June 13, 2025.

Second, Plaintiff asserts that "Defense [C]ounsel certified that initial disclosures were served pursuant to Rule 26(a)(1), but no documents, recordings, names, or phone numbers have been produced," and that "[w]hen asked, [D]efense [C]ounsel indicated that any discoverable documents were only available for inspection at her office." D.E. 22 at 2. As before, these statements do not accurately reflect Defendants' Initial Disclosures or the requirements of Rule 26(a)(1). *See* **Exhibit 1**, Defendants' Initial Disclosures; *see also* Fed. R. Civ. P. 26(a)(1).

Defendants' Initial Disclosures provide Plaintiff with the names of individuals likely to have discoverable information and makes clear that many of these individuals, who are officers in the Halifax County Sheriff's Office, may only be contacted through Counsel. Defense Counsel's phone number is at the bottom of Defendants' Initial Disclosures and can also be found in various emails and on the signature line of other pleadings. To the extent that Plaintiff complains about

the lack of phone numbers for individuals who are not parties to this case or are not officers with the Halifax County Sheriff's Office, Rule 26(a)(1)(A) simply requires that the phone numbers be provided *if known*. Notably, the other individuals identified in Plaintiff's Initial Disclosures are Plaintiff and his family members, and Halifax County District Attorneys Roger Echols and Tussie Boone. Defendants do not know the phone numbers for these individuals, and this is why these phone numbers are not listed.

Further, to the extent that Plaintiff complains about not receiving copies of the documents identified in Defendants' Initial Disclosures, Defense Counsel has informed Plaintiff on multiple occasions that such information can be made available for inspection but cannot be produced to Plaintiff absent the entry of a protective order authorizing disclosure.

Third, Plaintiff asserts that, "[a]fter certifying disclosure[,] Counsel for the Defense asserts that the responsive documents listed in DEFENDANTS' RULE 26 INITIAL DISCLOSURES are privileged" and that "Defendants have not drafted a privilege log as required by Rule 26(b)(5), highlighted issues of privilege in a Rule 26(f) Joint Discovery Plan, nor filed a motion for protective order under Rule 26(c)." D.E. 22 at 2 (emphasis added). Here, Plaintiff confuses Rule 26(a) Initial Disclosures with discovery requests under Rules 30, 34, and 36. *See* Fed. R. Civ. P. 26, 30, 34, and 26. When Plaintiff filed his "Rule 26(f) Notice and Request for Court Intervention," he had yet to serve <u>any</u> discovery requests. As such, there was no discovery for Defendants to respond to. Again, Defense Counsel has repeatedly informed Plaintiff that the documents and/or law enforcement recordings identified in Defendants' Initial Disclosures are protected from disclosure by North Carolina statutes, including N.C. Gen. Stat. § 132, that Defendants will make these documents and/or law enforcement recordings available for inspection, and that, absent the entry of a protective order authorizing disclosure, Defendants cannot produce this information.

Fourth, Plaintiff complains about Defense Counsel's lack of settlement authority and asserts that such "frustrates the purpose of any future Rule 16 conference or court required settlement discussions." As stated, this case is in the early stages of litigation. Based on the information available at this time, any conversation regarding settlement is likely premature, and, as asserted in their Answer (D.E. 18), Defendants deny that Plaintiff is entitled to any compensation. The fact that Plaintiff thinks he is entitled to compensation or wishes for this case to settle does not change the validity of the defenses asserted and/or available in this case.

Fifth, Plaintiff requests that the Court "[i]ssue a scheduling order under Rule 16(b), [d]irect Defendants to immediately produce initial disclosures in a reasonably accessible form (electronically or by mail)," "[i]mpose the required sanctions for improper certification under Rule 26(g)," "[r]equire that any privilege claims be formally asserted with a privilege log or appropriate motion," and "[r]equire that any future settlement discussions include a representative with full settlement authority pursuant to Rule 16(c)." D.E. 22 at 3. Again, the Court entered a Scheduling Order (D.E. 19) on June 3, 2025. As such, any request for a scheduling order was moot well before Plaintiff filed his "Rule 26(f) Notice and Request for Court Intervention" (D.E. 22). Further, to demonstrate good faith and to aid in resolution of this case, upon entry of a protective order authorizing disclosure of any materials protected from disclosure pursuant to North Carolina statutes, Defendant will produce to Plaintiff the materials otherwise protected from disclosure.

Further, for the reasons above, sanctions are not warranted under Rule 26(g) or for any reason. *See* Fed. R. Civ. P. 26(g).

Respectfully submitted, this the 20th day of August, 2025.


/s/ *Erin H. Epley*
James R. Morgan, Jr.
N.C. State Bar No. 12496
Erin H. Epley
N.C. State Bar No. 50690
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
E-mail : Jim.Morgan@wbd-us.com
E-mail: Erin.Epley@wbd-us.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, I electronically filed the **DEFENDANTS' RESPONSE TO PLAINTIFF'S "RULE 26(f) NOTICE AND REQUEST FOR COURT INTERVENTION" (D.E. 22)** with the Clerk of Court using the CM/ECF system, which will send email notification to the *pro se* Plaintiff.

Terrance Johnson, II
400 W. 3rd Street
Apt 6
Weldon, NC 27890
Terrancejohnson2008@yahoo.com
*Plaintiff, pro se*

/s/ *Erin H. Epley*
Erin H. Epley
N.C. State Bar No. 50690
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 747-6624
Facsimile: (336) 721-3660
E-mail: Erin.Epley@wbd-us.com
*Attorney for Defendants*