FILED

SEP 22 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ______ DEP CLK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**Civil Action No. 5:25-CT-3011-BO**

| | | |
|---|---|---|
| **TERRANCE JOHNSON II, pro se** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **PLAINTIFF'S REPLY** |
| | ) | **IN SUPPORT OF HIS RULE 26(f)** |
| **v.** | ) | **NOTICE AND REQUEST FOR** |
| | ) | **COURT INTERVENTION** |
| | ) | |
| **NICOLAS ESTES, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

## INTRODUCTION

Plaintiff, TERRANCE JOHNSON, II, pro se, hereby replies to Defendants' Response in to Plaintiff's Rule 26(f) Notice and Request for Court Intervention as follows:

## REBUTTAL TO DEFENDANTS' ARGUMENTS

Defendants' Response does not justify their failure to comply with the Federal Rules of Civil Procedure. Instead, it confirms their disregard for the cooperative discovery process mandated by the Federal Rules of Civil Procedure and demonstrates a pattern of routine constitutional violation.

**1. REGARDING THE NECESSITY OF A MOTION FOR DOCUMENTS AND NAMES IN INITIAL DISCLOSURES**

Defendants accuse Plaintiff of "confusing" court rules and contest that they "had no discovery to respond to" because Plaintiff "had yet to file any discovery requests." Defendants' Response to Plaintiff's Rule 26(f) Notice and Request for Court Intervention at 3. Rule 26(a) Initial Disclosures are an automatic mandatory obligation that is not contingent upon any particular "request," as a party "must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1).

Defense Counsel "confused" Plaintiff's obligation under Rule 26(a)(1) with that of Defendants'. Defense Counsel certified discovery of "the Plaintiff and any of his family members who have knowledge of the events at issue." Defendants' Rule 26 Initial Disclosures; *See* Defendants' Response in to Plaintiff's Rule 26(f) Notice and Request for Court Intervention (reiterating this improper disclosure).

Defendants could not reasonably be under any obligation to disclose information about members of Plaintiff's family in a civil litigation or otherwise. Contact information for any member of Plaintiff's family is not something that Defendants would have access to, and should not be included in Defendants' initial disclosures. This mistake cant be rationalized to make sense. Its also irrefutable proof of the bad faith and lack of seriousness that Defense Counsel has displayed with regard to discovery during this litigation. There is also no way possible that Defendants could certify with any seriousness or good faith, that they would produce contact information for Plaintiff's family members. There is nothing contained in Fed. R. Civ. P. 26, that implies Defendants having a duty to disclose witnesses for the Plaintiff.

This information would more properly go into the mandatory Rule 26(f) Discovery Plan that Defense Counsel refused to help prepare, as it could be loosely considered one of the many "subjects on which discovery may be needed." Fed. R. Civ. P. 26(f)(3)(B).

Furthermore, Defense Counsel's belief that a motion was required to trigger this basic duty confirms her failure to conduct the "reasonable inquiry" required by Fed. R. Civ. P. 26(g)(1). This failure to provide mandatory disclosures, demonstrates the obstruction that has plagued all subsequent discovery. Defendants' conduct also demonstrates ignorance of the most rudimentary aspects regarding federal discovery. This level of outright inability to interpret plain English text, has greatly frustrated Plaintiff.

## 2. REGARDING THE RULE 26(f) CONFERENCE AND REPORT

Defense Counsel states that "the Court's Scheduling Order did not order the Parties submit a proposed Rule 26(f) Report." Defendants Response to Plaintiff's Rule 26(f) Notice and Request for Court Intervention at 2. This implies that the Court's Scheduling Order rendered a discovery plan unnecessary, but misstates the rule. The Rule 26(f) conference is designed to help the Court in making its scheduling order, not be rendered obsolete by it. *See* Fed. R. Civ. P. 16(b)(1) (requiring the order be issued "after receiving the parties' report under Rule 26(f)"). The discovery report is designed to "assist the court in seeing that the timing and scope of disclosures under revised Rule 26(a) and the limitations on the extent of discovery under these rules and local rules tailored to the circumstances of the particular case." Notes of Advisory Committee on Rules-1987 Amendment to Fed. R. Civ. P. 26 subdivision (f). This refusal prevented the development of a meaningful report and discovery plan, which most importantly in this situation would have included "any issues about claims of privilege or of protection as trial-preparation materials." Fed. R. Civ. P. 26(f)(3)(D).

By refusing to engage on this topic, Defense Counsel ensured no such plan was created, thereby evading her duty to outline privilege issues from the outset. This caused an unnecessary delay in discovery. While Defense Counsel participated in the conference, she failed to discuss any issues of privilege. This was the defense's opportunity to properly raise any potential privilege issues and include them in the mandatory joint discovery plan. Plaintiff contends that the report itself is not really the issue; but the failure by Defense Counsel to engage on her issues of privilege, constitutes bad faith and a violation of her duty under the rules.

## 3. REGARDING THE OBLIGATION TO DISCUSS DEFENSES

Defense Counsel states they are "unaware of any obligation, beyond answering allegations in Plaintiff's Complaint," which requires Defendants to evaluate their "defenses and legal arguments" during the 26(f) conference. Defendants' Response in to Plaintiff's Rule 26(f) Notice and Request for Court Intervention at 2. This statement demonstrates a willful refusal to comply with the Federal Rules of Civil Procedure. The parties are required to confer to discuss "the nature and basis of their claims and defenses," and "the possibilities for promptly settling or resolving the case." Fed. R. Civ. P. 26(f)(2). By the letter of this rule, it is never premature to speak about settlement and parties are required to discuss the nature of the case. The rule is designed to help expedite cases. However, Defendants would like to proceed and allow the judicial process to play out. Plaintiff respects this.

## 4. DEFENDANTS' BAD-FAITH CONDUCT CAUSED PREJUDICE AND DELAY, WARRANTING SANCTIONS

By forcing Plaintiff to litigate for documents that are unquestionably public record. *See* N.C. Gen. Stat. 132-1.4(c); *See* also N.C. Gen. Stat. 132-1.4(f) (stating the use of a public record in a criminal investigation does not affect its status as a public record). Defendants are compounding the violation and demonstrating a deliberate indifference to the state law and constitutional rights they are sworn to uphold. This Court is now witnessing, in real time, the implementation of the Sheriff's Office's policy and custom of denying access to public records. This demonstrates the type of settled patterns of practice that give rise to Plaintiff's claim. This behavior is also evidence of blatant disregard for the rules. This tactic is forcing a pro se litigant to overcome obstruction, baseless assertions and has caused substantial delay.

Halifax County Sheriff Tyree Davis are under the impression that United States citizens are not entitled to incident reports after they have been formally arrested; and even after the charges have been dismissed with prejudice and expunged, as both of these scenarios happened to Plaintiff in his criminal case. Plaintiff is startled by this open admission; as it implies that Sheriff Tyree Davis has a policy that routinely violates the rights of individuals who have been formally arrested and request the incident report from that arrest. This indicates that civil rights violations could be taking place on a mass scale in Halifax County, North Carolina. This practice undoubtedly opens Sheriff Tyree Davis up to liability, as its a blatant violation of the First Amendment. Defendants' position also undermine the due process guarantees afforded to United States Citizens by the Fourteenth Amendment. This Court should not reward this strategy of delay and obstruction. Sanctions and guidance are necessary to address the prejudice to Plaintiff and to deter future abusive conduct.

**5. DEFENDANTS' WILLFUL FAILURE TO DISCLOSE WITNESSES IN INITIAL DISCLOSURES AND AFTER DISCOVERY REQUESTS IS AN INDISPUTABLE, CONTINUING VIOLATION OF RULE 26 MANDATING SANCTIONS.**

Defendants contend that Plaintiff is complaining "about the lack of phone numbers for individuals who are not parties to this case or are not officers with the Halifax County Sheriff's Office." Defendants' Response in to Plaintiff's Rule 26(f) Notice and Request for Court Intervention at 2-3. This is a false statement. Evidence contradicts the notion that the two named deputies Nicolas Estes and Anthony Cash, were the only two deputies present; as Defendant Estes alleged in his incident report, that as Corporal Guy Caine was arriving on scene, Plaintiff said "damn don't hit me man" while "standing in the middle of W Third Street." *See* Exhibit 11 at

11. Defendants unquestionably failed to identify all involved deputies in Defendants' Initial Disclosures and then repeated this violation in their subsequent Response to Plaintiff's Rule 26(f) Notice and Request for Court Intervention. The fact that two deputies remain unnamed by Defense Counsel, is in itself proof of an ongoing willful violation that requires sanctions under Fed. R. Civ. P. 26(g) specifically for improper certification. Plaintiff is not just asking for sanctions. The court rule makes sanctions mandatory in this situation.

By certifying Initial Disclosures, Defense Counsel Erin Epley certified that to the best of her "knowledge, information, and belief, formed after a reasonable inquiry" that the disclosures were "complete and correct as of the time it was made." Fed. R. Civ. P. 26(g)(1). The omission of known material witnesses, is at best a categorical failure of this "reasonable inquiry" and renders counsel's certification objectively improper. *Id.* Furthermore, there has not been a good faith attempt to supplement this information. This pattern of conduct represents a flagrant abuse of discovery, frustrates the truth-seeking process, and has significantly prejudiced Plaintiff by forcing him to identify material witnesses without Defendants' candor. Improperly certifying disclosures in such bad faith and "without substantial justification," mandates sanctions under Fed. R. Civ. P. 26(g)(3). Plaintiff's discovery requests are still outstanding and he still needs to seek leave to amend, and join the unnamed deputies to this litigation. This has caused substantial prejudice to Plaintiff and discovery abuse "can best be prevented by intervention by the court as soon as abuse is threatened." Notes of Advisory Committee on Rules-1980 Amendment to Fed. R. Civ. P. 26, subdivision (f).

**6. REGARDING THE FAILURE TO PROVIDE PUBLIC RECORDS**

Defendants contest that incident reports from arrests "protected from disclosure by North Carolina Statutes including N.C. Gen. Stat. § 132." Defendants Response to Plaintiff's "Rule

26(f) Notice and Request for Court Intervention" D.E. 22 at 3. Plaintiff is unaware of what "North Carolina statutes" or "N.C. Gen. Stat. §132" means. *Id.* "N.C. Gen. Stat. 132" refers to not a single statute, but a whole chapter of Public Records statutes. These statutes are intended for transparency and not concealment. This is not an isolated error by a single attorney but a systemic failure that that has been put on record in this case. This pattern of obstruction underscores the necessity for court intervention.

**7. REGARDING "ANDY CASH"**

Defendant Anthony Cash publicly represents himself as "Andy Cash" via his Facebook page. This is why Plaintiff mistakenly thought "Andy Cash" was his name. Additionally, Defense Counsel's Initial Disclosures also listed this individual under the nickname "Andy Cash." While the subsequent provision of his official name, "Anthony Cash," cured this particular oversight; the initial omission nonetheless reflects a lack of the thoroughness expected in the "reasonable inquiry." Fed. R. Civ. P. 26(g). However, when viewed in isolation, this is a minor excusable issue. Plaintiff will refer to this individual as Anthony Cash.

## CONCLUSION

Defendants' Response offers no valid legal justification for their improper certification or failure to produce discovery. They instead make objectively false statements to the court. It demonstrates a pattern of obstruction and a fundamental misunderstanding of the discovery rules that has made court intervention and sanctions necessary.

## RELIEF REQUESTED

In light of the rapid discovery timeline in this case and the ongoing prejudice to Plaintiff's ability to obtain discovery into Defendants' defense, Plaintiff respectfully asks the Court to:

1. Order Defendants to produce full and complete documents, or responses within 14 days to prevent further obstruction, unnecessary financial burden and delay. Such production should include but not be limited to: use of force reports for Plaintiff's arrest, training records for Nicolas Estes, names of the two unnamed deputies that were present on scene, and a copy of the insurance agreement.

2. Take Judicial notice that Defendants require a court order to release public records to Plaintiff.

3. Impose any sanctions for improper certification pursuant to Fed. R. Civ. P. 26(g), and grant any other relief that the Court deems appropriate.

Respectfully submitted this 16th day of September, 2025

Terrance Johnson II
400 West 3rd Street
Apt 6
Weldon, North Carolina 27890
Telephone: (252) 529-5022
Email:terrancejohnson2008@yahoo.com
Plaintiff, pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the forgoing **PLAINTIFF'S REPLY IN SUPPORT OF HIS RULE 26(f) NOTICE AND REQUEST FOR COURT INTERVENTION** has been sent to the following Attorneys for the Defendants via United States Postal Service on this 16th day of September, 2025.

Erin H. Epley
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 747-6624

James R. Morgan, Jr
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3710

Terrance Johnson II
400 West 3rd Street
Apt 6
Weldon, NC 27890
Email: Terrancejohnson2008@yahoo.com
Telephone: (252)529-5022
Plaintiff, pro se