FILED
SEP 22 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:25-CT-3011-BO

| | | |
|---|---|---|
| **TERRANCE JOHNSON II, pro se** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **PLAINTIFF'S OPPOSITION** |
| | ) | **TO DEFENDANTS' MOTION** |
| **v.** | ) | **FOR PROTECTIVE ORDER** |
| | ) | |
| | ) | |
| **NICOLAS ESTES, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER</u>**

NOW COMES Plaintiff Terrance Johnson II, pro se, and hereby respond to Defendants' Motion For Protective Order, regarding the body-worn camera and surveillance footage from the incident on July 7, 2024. Plaintiff argues that the Motion should be denied as the relief requested is moot and unnecessarily duplicative of an existing state court order that already binds Plaintiff.

## I. INTRODUCTION

Defendant's Motion seeks to prevent the release of bodycam footage. However, Plaintiff is already in possession of, and strictly prohibited from releasing this exact footage by a protective order issued in State Court. As the stated goal of Defendant's Motion is already fully accomplished by the existing order, this Court should deny the Motion as unnecessary.

## II. ARGUMENT

1. The Existing State Court Order Renders Defendant's Motion Moot: Plaintiff is currently subject to a standing Protective Order from the Halifax County Superior Court, issued on February 3, 2025, which governs the use and release of this very evidence. This state court order expressly prohibits the materials from being "released, to other persons, the public or press by any means," and are to be used in Plaintiff's litigation. Exhibit 12 at side two. The Defendant's Motion seeks an identical prohibition from this Court. Defendants have identified no actionable harm that the current state order does not already prevent. As demonstrated, Plaintiff has litigated this issue previously in Halifax County North Carolina. Because Plaintiff is already legally bound to comply with some of the exact restrictions Defendants request, the Motion is moot.

2. Defendant Has Failed to Show a Need for a Duplicative Federal Order: The purpose of a protective order is to protect sensitive material from improper disclosure. That purpose has already been served. Defendants' Motion provides no justification for why the existing state order is insufficient to protect its interests or why this Court should expend its resources to issue a second, redundant order covering the same material and the same party. The Motion is therefore burdensome and without merit. Additionally, Plaintiff has been in possession of these videos since February 4, 2025 and Plaintiff has not released the footage to anyone other than Defense Counsel as of today. *See* Exhibit 13.

3. Plaintiff Has Previously Released the Footage to Defendants: Plaintiff released the bodycam footage at issue to Defendants' Counsel on June 16, 2025 as part of Plaintiff's Initial Disclosures pursuant to Rule 26(a)(1). *See* Exhibit 14. The Defense therefore already possesses the material it seeks to protect through their Motion For Protective Order. A protective order

cannot be used to restrict materials that have been voluntarily disclosed to the moving party. This makes no sense.

4. Additionally, Defendants have mentioned that "surveillance footage from the Halifax County Sheriff's Office on July 7, 2024" is at issue. Defendants' Motion For Protective Order at 2. Plaintiff is only aware of surveillance footage from West 3rd Street in Weldon North Carolina, and that footage was recorded by Plaintiff via his vehicle's rear facing camera. This footage is not the property of Halifax County Sheriff's Office. Plaintiff has intentions on filing a motion for leave, to submit all of the videos mentioned herein via USB. If there is an additional video that Plaintiff is unaware of, then Plaintiff should have been notified about the existence of this video.

5. Defendants' are requesting that Plaintiff "return" or "destroy" the videos at issue and even "records." Defendants' Proposed Protective Order at 3. Defendants are attempting to move a federal judge to order destruction of videos that have been released by state court order, or are public record. This is an attempt to circumvent the First Amendment access to information, and an already existing order from a Court of competent jurisdiction. Defendants request that Plaintiff destroy his own evidence after litigation is finished. It is clear that Defendants do not want these videos to be released to the public, but would rather attempt to have a judge ordered them to be destroyed. That is an extremely unusual position for Defendants that allege to have done no wrong to Plaintiff.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court DENY Defendants' Motion For Protective Order

RESPECTFULLY SUBMITTED this 18th day of September, 2025

Terrance Johnson II
400 West 3rd Street
Apt 6
Weldon, North Carolina 27890
Telephone: (252) 529-5022
Email:terrancejohnson2008@yahoo.com
Plaintiff, pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the forgoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR PROTECTIVE ORDER** has been sent to the following Attorneys for the Defendants via United States Postal Service on this 18th day of September, 2025.

Erin H. Epley
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 747-6624

James R. Morgan, Jr
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3710

Terrance Johnson II
400 West 3rd Street
Apt 6
Weldon, NC 27890
Email: Terrancejohnson2008@yahoo.com
Telephone: (252)529-5022
Plaintiff, pro se