IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:25-CT-03011-BO

| | | |
|---|---|---|
| TERRANCE JOHNSON, II,<br><br>Plaintiff,<br><br>v.<br><br>NICOLAS ESTES, ANDY CASH, and TYREE DAVIS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between *pro se* Plaintiff Terrance Johnson, II and Defendants Sheriff Tyree Davis, Anthony Cash, and Nicolas Estes ("Defendants"), through Counsel, as follows:

The Defendants, through discovery, seek to disclose and rely upon body-worn camera videos that were recorded on July 7, 2024, and that depict the events at issue in the Complaint. These videos are confidential under N.C. Gen. Stat. § 132-1.4 and may not be released without a court order. The Defendants seek an order of this Court so as to be in compliance with this statute and to ensure that said videos are not disclosed outside of this proceeding.

IT IS HEREBY ORDERED THAT:

1. The Sheriff of Halifax County is authorized to disclose body-worn camera and car-dash camera videos, which are otherwise confidential under state law. Said videos, which depict the events of July 7, 2024, alleged in the Complaint, consist of:

   a. One video from the body-worn camera of Deputy Anthony Cash; and

c. One video from the body-worm camera of Deputy Nicolas Estes.

2. Said videos, if used in this action, shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or a comparable notice. Said videos shall not be disclosed to any person other than:

(a) The Court and its personnel;

(b) The parties to this action;

(c) Counsel for the parties to this action and employees of said counsel;

(d) Insurers of the parties to this action;

(e) Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement attached hereto as **Exhibit A**;

(f) Court reporters or videographers engaged to record depositions, hearings, or the trial in this action; or

(g) Witnesses at a deposition, hearing, or trial, and as necessary to prepare the testimony of the witness.

3. Parties are authorized to manually file said videos with the Court without seeking an additional court order, and said videos must be filed under seal, with an accompanying motion, but an accompanying memorandum of law is not necessary, and the motion should refer to this Order.

4. The provisions of Local Civil Rule 79.2, E.D.N.C., along with Section V.G(1)(a) of the ECF Administrative Policies and Procedures Manual cited herein, shall otherwise control the filing of sealed documents:

Except for motions filed under seal in accordance with Section V.G.1.(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

(i) The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(v) Whether the parties consent to the motion.

(vi) In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.

5. Following the conclusion of this action, including any appeals, the Defendants may request in writing the return by any other party copies of the videos produced. Within sixty (60) days after service of such a request, any party that received the videos shall either return them to counsel for the Defendants or destroy them, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the Court or a motion for relief from this paragraph is pending. If a receiving party elects to destroy the videos rather than returning it to the producing party, counsel for the receiving party shall provide to the producing party by the

60-day deadline a signed certification that the videos have been destroyed. This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party. Any videos, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order. The return or destruction of trial exhibits by the Court shall be governed by Local Civil Rule 79.1.

6. Neither the terms of this Order nor the disclosure or designation of the videos as confidential shall be deemed to establish or vitiate any potential objection to the production of the videos under the Federal Rules of Civil Procedure or the admissibility of said videos under the Federal Rules of Evidence.

7. This Order is without prejudice to the right of any party, the producer, or witness to seek modification or amendment of the Order by motion to the court, or to seek further orders from the court regarding the additional disclosure of, or restriction of, confidential information.

SO ORDERED, this the 3 day of Oct, 2025.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## UNDERTAKING TO BE BOUND

I, ________________________________, declare as follows:

I acknowledge receipt of a copy of the Protective Order (the "Protective Order") in the matter of *Terrance Johnson, II v. Nicolas Estes, et. al.*, filed in the United States District Court for the Eastern District of North Carolina, Western Division, Civil Action No. 5:25-CT-03011-BO and agree that: (1) I will comply with and be bound by its provisions with respect to the videos provided to me under the terms of this Protective Order; (2) I will not reveal the videos provided to me under the terms of this Protective Order to anyone other than such persons designated in this Protective Order; and (3) I will utilize such videos solely for purposes of this litigation. I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

______________________________________ ____________________

Signature Dated

______________________________________

Printed or Typed Name

______________________________________

______________________________________

Address

______________________________________

Position