# TABLE OF CONTENTS

INTRODUCTION...............................................................................................1

STATEMENT OF UNDISPUTED MATERIAL FACTS..................................3

I.    Standard of Review............................................................................3

II.   Argument and Authorities.................................................................4

  A.   Plaintiff's First Words Were Protected Under the First Amendment......................4

    1.    Applicable Law..........................................................................4

    2.    Application of Law to the Facts................................................5

    3.    Conclusion.................................................................................6

  B.   Plaintiff's Use of the Word "Nigga" is Protected in This Situation........................7

    1.    Applicable Law..........................................................................7

    2.    Application of Law to the Facts................................................7

    a.    Not Directed at the Hearer........................................................7

    b.    Not a Direct Insult to Anyone Present.....................................7

    3.    Conclusion.................................................................................7

  C.   Plaintiff's Subsequent Speech was   unequivocally Protected Under the First Amendment................................................................................................9

    1.    Applicable Law..........................................................................9

    2.    Application of the Law to the Facts..........................................9

    3.    Conclusion...............................................................................10

  D.   There was No Probable Cause for the Resisting, Delaying or Obstruction Charge.......................................................................................10

    1.    Applicable Law........................................................................11

    2.    Application of the Law to the Facts........................................12

    3.    Conclusion...............................................................................12

  E.   Defendants Estes, and Cash are Liable for Malicious Prosecution......................13

    1.    Applicable Law........................................................................13

    2.    Application of the Law to the Facts........................................14

3.       Conclusion.................................................................................14

F.       Defendant Cash is Liable for Failure to Intervene Under Bystander Liability.....15

1.       Applicable Law.............................................................................15

2.       Application of Law to Facts........................................................16

3.       Conclusion...................................................................................16

G.       The Seizure and Use of Force Were Objectively Unreasonable............................16

H.       Defendant Davis, In his Official Capacity is Liable Under Monell....................17

1.       Applicable Law .............................................................................18

2.       Application of the Law to Facts...................................................18

3.       Conclusion...................................................................................19

I.       Defendants are not Entitle to Qualified Immunity.........................................19

III.       CONCLUSION AND REQUEST FOR RELIEF....................................................20

## TABLE OF AUTHORITIES

### Statutes

N.C.G.S. §14-288.4.................................................................................4, 5,7, 10

N.C. Gen. Stat. § 14-223.................................................................................10, 11

### Rules

Rule 56 Fed. R. Civ. P.................................................................................3

### Cases

*Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)................................3, 5

*Celotex Corp.* v. *Catrett*, 477 U.S. 317 (1986)................................3

*United States* v. *Diebold Incorporated*, 369 U.S. 654 (1962)................................3

*City of Houston* v. *Hill*, 482 U.S 451 (1987)................................ 5, 6, 9 10, 20

*Lewis* v. *City of New Orleans*, 415, U.S. 130 (1974)................................5, 6, 18

United States v. Bartow, 997 F.3d 203, 207 (4th Cir. 2021)..........................................4, 6, 7, 8, 9

*Chaplinsky* v. *New Hampshire*, 315 U.S. 568 (1942)..................................................4, 10

In re Spivey, 480 S.E. 2D 693, 699 (1997)..........................................................,..7

*State* v. *Mobley*, 83 S.E.2d 100 (N.C. 1954)..............................................................11

*State* v. *Humphreys*, 853 S.E.2d 789 (2020)......................................................11-12, 17

*Miller* v. *Prince George's County*, 475 F.3d 621 (4th Cir. 2007)..................................13

*Evans* v. *Chalmers*, 703 F.3d 636 (4th Cir. 2012)...................................................13, 14

*Thompson* v. *Clark*, 142 S. Ct. 1332, 1341 (2022)........................................14
*Randall* v. *Prince George's County*, 302 F.3d 188, 204 (4th Cir. 2002)......................................15

*Graham* v. *Connor*, 490 U.S. 386, 395 (1989) ...........................................16, 17

*Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ..........................................17

*City of Canton* v. *Harris*, 489 U.S. 378, 390 (1989) ...........................................18, 19

*Pearson* v. *Callahan*, 129 U.S. 808 S.Ct. 815 (2009) ...............................................19

| File No. 24CR353060-410 | Law Enforcement Case No. 2400898 | LID No. |

**MAGISTRATE'S ORDER**

**THE STATE OF NORTH CAROLINA VS.**

Name And Address Of Defendant
TERRANCE JOHNSON II
400 W 3rd St

Weldon  NC  27890-1309
Halifax COUNTY  (919) 225-9106

HALIFAX COUNTY SHERIFFS OFFICE

**STATE OF NORTH CAROLINA**

HALIFAX _____ County

In The General Court Of Justice
District Court Division

Spoken Language Court Interpreter Needed For Any Party, Victim, Or Witness? (If Yes, identify person(s) and language(s).
Interpreters provided for all court proceedings at no cost.)
☒ No  ☐ Yes: (explain)

**OFFENSE(S)** (see AOC-CR-116 Continuation(s) for charging text)

| Count No. | Offense | Offense in Violation Of G.S. | Offense Code |
|---|---|---|---|
| 1 | M - RESISTING PUBLIC OFFICER | 14-223 | 5310 |
| 2 | M - DISORDERLY CONDUCT | 14-288.4 | 5330 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Race B | Sex M | Date Of Birth 01/18/1987 | Age 37 |

Name Of Defendant's Employer

Date Of Offense
07/07/2024

☐ Misdemeanor Offense Which Requires Fingerprinting Per Fingerprint Plan

Date Of Arrest & Check Digit No. (as shown on fingerprint card)
07/07/2024

Arresting Officer (name, address or department)
Nicolas Estes
HALIFAX COUNTY SHERIFFS OFFICE
PO BOX 36
HALIFAX  NC  27839
HALIFAX

Witness Information

I, the undersigned, find that the defendant named above has been arrested without a warrant and the defendant's detention is justified because there is probable cause to believe that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully, and feloniously did commit the offense(s) set forth above and on the attached AOC-CR-116 Continuation(s), which is (are) incorporated by reference.
This act(s) was in violation of the law referred to in this Magistrate's Order. This Magistrate's Order is issued upon information furnished under oath by the arresting officer(s) shown. A copy of this Order has been delivered to the defendant.

| Date Issued 07/07/2024 | Name Of Issuing Official Christopher Kidd | Signature | ☒ Magistrate ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court ☐ District Court Judge ☐ Superior Court Judge |
| Location Of Court Halifax Co. Courthouse, Courtroom 2 | | Court Date 07/24/2024 | Court Time 9:00 AM |

**WAIVER OF PROBABLE CAUSE HEARING**

The undersigned defendant, with the consent of his/her attorney, waives the right to a probable cause hearing.

| Date Waived | Signature Of Defendant | Name Of Attorney | Signature Of Attorney |

AOC-CR-116, Rev. 7/24, © 2024 Administrative Office of the Courts

(Over)

PLAINTIFF'S EXHIBIT

Defendant

Case 5:25-ct-03011-BO  Document 1-1  Filed 01/13/25  Page 2 of 17

| STATE VERSUS | | HALIFAX | County | File No. 24CR353060-410 |
|---|---|---|---|---|

Name Of Defendant
TERRANCE JOHNSON II
Date Of Issuance Of Magistrate's Order
07/07/2024

NOTE: *Use this page to set forth the charging text for each offense listed on the ACC-CR-116. G.S. 15A-924(a)(5).*

### OFFENSES (continued)

**Count 1.   Offense: M - RESISTING PUBLIC OFFICER**

Charging Text For This Count
On or about the date of offense shown and in the county named above the defendant unlawfully and willfully did resist, delay, and obstruct N ESTES , a public officer holding the office of CORPORAL WITH THE HALIFAX COUNTY SHERIFFS OFFICE , by SNATCHING AWAY AND REFUSING TO BE HANDCUFFED . At the time, the officer was discharging and attempting to discharge an official duty by RESPONDING TO A CALL ASSISTING THE WLEDON PD WITH A LARGE GATHERING OF PEOPLE CAUSING A DISTURBANCE AND ARRESTING THE DEFENDANT FOR DISORDERLY CONDUCT .

**Count 2.   Offense: M - DISORDERLY CONDUCT**

Charging Text For This Count
On or about the date of offense shown and in the county named above the defendant unlawfully and willfully did intentionally cause a public disturbance at THE CORNER OF CHESTNUT ST AND HWY 158 , by making utterances, making gestures, making displays, using abusive language , intended and plainly likely to provoke immediate violent retaliation and thereby cause a breach of the peace. The acts of the defendant were directed toward CORPORAL N ESTES and consisted of WHAT THE F**K IS THE OFFICERS PROBLEM AND THIS IS BULLSH** IN FRONT OF A LARGE CROWD OF PEOPLE .

AOC-CR-116 Continuation, Rev. 7/24
© 2024 Administrative Office of the Courts

**Continuation Page ____ of ____ Continuation Pages**

Defendant

Page 2 of 2

# AFTER VISIT SUMMARY

**ECU HEALTH**

**Terrance Johnson II** MRN: 5741761   📅 7/9/2024   📍 ECU Health North - Emergency Department 252-535-8425

## Instructions

You were seen in the emergency department with generalized body aches. Please take medication as prescribed. Follow-up with your primary care provider for reevaluation and further management. If you have significant worsening symptoms or other concerning symptoms please consider returning to the emergency department for evaluation.

 **Your medications have changed**

➡ START taking:
naproxen (NAPROSYN)

tiZANidine (ZANAFLEX)

Review your updated medication list below.

 **Pick up these medications at WALGREENS DRUG STORE #07475 - ROANOKE RAPIDS, NC - 101 SMITH CHURCH RD AT NWC OF HWY 125 & EAST LITTLETON**

naproxen • tiZANidine

Address: 101 SMITH CHURCH RD, ROANOKE RAPIDS NC 27870-4941
Phone: 252-535-4037

 **Follow up with Doctor Unassigned, MD**
Specialty: Family Medicine

## What's Next

You currently have no upcoming appointments scheduled.

## Today's Visit

You were seen by Lena Van Nimwegen

**Reason for Visit**
- Knee Pain
- Generalized Body Aches

**Diagnosis**
Myalgia

 **Blood Pressure**
148/72

 **Weight**
156 lb
4.8 oz

 **Temperature**
99 °F

 **Pulse**
102

**Respiration**
18

**Oxygen Saturation**
97%

## MyChart

Please activate your ECU Health MyChart account for immediate access to your online health record.

**How Do I Sign Up?**
1. Go to **https://mychart.ecuhealth.org**
2. Click on the "Sign Up Now" button under "New User?"
3. Click on "Sign up Online" under "No Activation Code?"
4. Follow the on screen instructions to fill out your information and setup your account. If you have any questions, you can email mychart@ecuhealth.org.



PLAINTIFF'S EXHIBIT 2

# Changes to Your Medication List

## START taking these medications



**naproxen** 500 mg Tab
Commonly known as: NAPROSYN

Take 1 Tablet by mouth twice a day with meals for 7 days.



**tiZANidine** 2 mg Tab
Commonly known as: ZANAFLEX

Take 1 Tablet by mouth every 6 hours as needed for Pain for up to 7 days.

**Patient Instructions**

# Halifax County Sheriff's Office

Post Office Box 36
Halifax, NC 27839

Telephone: (252) 583-8201
Fax: (252) 583-2698



## CITIZEN COMPLAINT FORM

Incident Date: 7-7-24    Incident Time: 12:30 AM    Today's Date: 8-14-24

Incident Location: 400 W 3rd St.

If you wish to remain anonymous check here: ☐

Complainant Name: Terrance Johnson II

Complainant Address/City/State/Zip Code:
400 W 3rd St. / Apt 6 / Weldon / NC / 27890

Complainant Telephone Number(s): 252 529 5022

What is your complaint?

I was endangered by a Halifax County Sheriff's Deputy. I said out loud "WTF is his problem?" Nick Estes walked up to me and said "when we have our blues on we expect that right of way." I said "thats bullshit." Estes got angry and yelled for me to "stop cursing." I told him that "I will say what the hell I want to say." I turned around to go home and was grabbed while he said "come here." I yelled "WTF is you doing?" Estes lost grip of my arm and I fell to the ground. He then slammed me on the ground twice and cuffed me. I was put in the deputy's car who endangered me. That deputy cut his car off and rolled the window down 2 inches on my side. I yelled that I couldn't breathe. He walked around the car once or twice. I was subjected to this for 7 minutes. Estes removed me, transported me, then falsified testimony to the magistrate.

Received By: M. 3rd    Received Date: 8-14-2024    Received Time: 12:55pm

To: Sheriff Tyree Davis

From: Terrance Johnson II **RECEIVED**

NOV 04 2024

Received By ___HALIFAX COUNTY___
SHERIFF'S OFFICE


PLAINTIFF'S
EXHIBIT

Terrance Johnson II
400 W 3rd Street
Apt 6
Weldon, NC 27890
(252) 529-5022
Terrancejohnson2008@yahoo.com

11-4-2024

Sheriff Tyree Davis
355 Ferrell Lane
Halifax, NC 27839

Dear Sheriff Davis,

My name is Terrance Johnson II. I am seeking to obtain disclosure (not release, which would require an order/ruling made by a judge) of body-worn camera (BWC) footage which pertains to a morning in which I was arrested by one of your Corporals, Mr. Nick Estes. I am seeking the disclosure of this BWC footage to refresh my memory of the morning in question, and because I am entitled to disclosure of the footage from the BWC of any officer present at the time of my arrest. The incident happened on July 7, 2024, at around 12:20 A.M.

North Carolina General Statute 132-1.4A section (c) subsection (1), it lists "a person whose image or voice is in the recording" as a person authorized to obtain disclosure of BWC footage. Section (d) states that "upon receipt of the written request [this letter] for disclosure, as promptly as possible the custodial law enforcement agency must either disclose the portion of the recording relevant to the person's request or notify the requestor of the custodial law enforcement agency's decision not to disclose the recording to the requestor." Section (j) also states that "each law enforcement agency that uses body-worn cameras or dashboard cameras shall adopt a policy applicable to the use of those cameras."

I have been trying to obtain the statement that Estes swore to after my arrest, and the associated report. I went to your office and the deputy at the desk would only give me the cover sheet. This is not a record from a criminal investigation. This case is not sealed. I don't know the nature of the alleged circumstances surrounding my arrest. This document is not protected "confidential information" for purposes of North Carolina General Statute 132-1.2.

North Carolina General Statute 132-1.4 section (c) states "notwithstanding the provisions of this section, unless otherwise prohibited by law the following information shall be public records within the meaning of G.S. 132-1." Subsection (3) lists "the circumstances surrounding an arrest, including the time and place of the arrest, whether the arrest involved resistance, possession or use of any weapons, or pursuit, and the description of any items seized in connection with the arrest." Section (f) states "the use of a public record in connection with a criminal investigation or the gathering of criminal intelligence shall not affect its status as a public record." North Carolina General Statute 132-1 section (a) defines public records as "all documents, papers, letters, maps, books, photographs, films, sound recordings, magnetic or other tapes, electronic data-processing records, artifacts, or other documentary material, regardless of physical form or characteristics, made or received pursuant to law or ordinance in connection with the transaction of public business by any agency of North Carolina government or its subdivisions. Agency of North Carolina government or its subdivisions shall mean and include every public office, public officer or official (State or local, elected or appointed), institution, board, commission, bureau, council, department, authority or other unit of government of the State or of any county, unit, special district or other political subdivision of government." Section (b) state that the public records and public information compiled by the agencies of North Carolina government or its subdivisions are the property of the people. Therefore, it is the policy of this State that the people may obtain copies of their public records and public information free or at minimal cost unless otherwise specifically provided by law. As used herein, "minimal cost" shall mean the actual cost of reproducing the public record or public information."


PLAINTIFF'S EXHIBIT

North Carolina General Statute 132-6.2 section (a) states "persons requesting copies of public records may elect to obtain them in any and all media in which the public agency is capable of providing them." This would mean that if the report is on a digital storage device, I could elect to have it sent to me via email. Section (b) states "the fees for certifying copies of public records shall be as provided by law. Except as otherwise provided by law, no public agency shall charge a fee for an uncertified copy of a public record that exceeds the actual cost to the public agency of making the copy." Email has no associated consumables in the form of ink/toner, paper, etc. There is 0 cost to send or receive an email. I was charged 2 dollars for the cover sheet to the report. This is an excessive/unlawful fee amount, to print 1 sheet of paper. This clearly violates the above-mentioned statute.

There is no ongoing investigation into the events that took place on the night and time in question, with respect to my associated arrest. There is only trial at this point in the case. There is no lawful purpose for keeping the circumstances surrounding my arrest secret. This was an arrest that was affected upon me. The warrant and associated circumstances, allegations, affidavits, etc. are not subject to change. They are public record. There is no investigatory interest in keeping any information secret in this situation. The alleged probable cause has been sworn to, and the information is not sealed. There are no witnesses that are at risk of being exposed or harmed. There is no information in that file, that would compromise an ongoing investigation. I honestly do not know the formal nature of the allegations against me. As a result, I don't know what actions I am supposed to answer to in this case. I cannot prepare to represent myself in court under the circumstances, as any allegation would be a blind side attack. This is clearly not in the best interest of justice, and it is a clear denial of my procedural due process rights.

You do not have a request form for disclosure of BWC footage in your office. As a result, I Terrance Johnson II am left with no choice but to issue you a formal request via this letter, for the purposes of North Carolina General Statute 132-1.4A. I am requesting disclosure of the BWC from all deputies that were present during my arrest. These deputies are including but not limited to: Mr. Nick Estes and Mr. Andy Cash. The arrest happened on 7-7-24 around 12:20 A.M. I am requesting any footage that exists up until the time Mr. Estes brought me home and I exited his patrol vehicle.

In addition to this BWC footage, I am also formally requesting a complete copy of all 11 of 11 pages of the incident report (numbered 2400898) which is about myself. I believe that I have articulated the law surrounding these records, demonstrated that this is not of an ongoing investigatory nature, and that these records would fall under the purview of public records. I am seeking the above-described information, minus any redactions that need to be made. Examples of non-public records could be names of informants, investigative records from a perspective indictment that is sealed, records pertaining to undercover operations within the department, or information that is in any way relevant to a FUTURE prosecution.

The last issue I would like to address, would be the formal complaint I submitted on August 14th. It still has not been investigated. I have received only 2 or 3 calls from Mr. Joe Sealey surrounding my complaint. I have left messages, and I do not get a call back. I am formally placing you on notice of all these circumstances and actions taken by your department.

If you decide to deny this request, please provide the statutory justification for the denial of my request in writing by the end of 3 business days. I look forward to hearing from you so that I may seek a remedy in all these matters. Feel free to give me a call if you would like to speak with me about fulfilling these requests. You may provide me the report via the email address listed above if you would like.

Respectfully,

10 - Page 2 of 2

# STATE OF NORTH CAROLINA

HALIFAX _____ County

NOTE: Do not use this form for cases covered by G.S. 20-138.4. Use form AOC-CR-339 instead.

**File No.** 24 CR 353060

In The General Court Of Justice
☐ District ☐ Superior Court Division

## STATE VERSUS

**Defendant Name**

TERRANCE Johnson II

## DISMISSAL
## NOTICE OF REINSTATEMENT
### (For Offenses Committed On Or After Dec.1, 2013)

G.S. 15A-302(e), -931, -932

| File Number | Count No.(s) | Offense(s) |
|---|---|---|
| 24 CR 353 30 60 | 1 | Resisting Public Officer |
| | 11 | Disorderly Conduct |

☐ See Additional File Numbers And Offenses on Side Two.

☒ **DISMISSAL**
**NOTE:** Recall all outstanding Orders For Arrest in a dismissed case.
The undersigned prosecutor enters a dismissal to the above charge(s) and assigns the following reasons:

☐ 1. No crime is charged.
☐ 2. There is insufficient evidence to warrant prosecution for the following reasons:

☐ 3. Defendant has agreed to plead guilty to the following charges:

In exchange for a dismissal of the following charges:

☐ 4. The defendant was charged as the result of ☐ defendant's identity being used without permission. ☐ mistaken identity.
(NOTE TO PROSECUTOR: You must notify the Court of this dismissal. The Court should use AOC-CR-283, Order Of Expunction Under G.S. 15A-147(a1) (Identity Theft Or Mistaken Identification) to expunge charges.)

☒ 5. Other: (specify) ☐ See additional information on reverse.
Officer subpoenaed failed to appear, officer in training failed to notify office of training. Continued to this date on State's motion officer unavailable on previous date
A jury has not been impaneled nor has evidence been introduced. (If a jury has been impaneled, or if evidence has been introduced, modify this sentence accordingly.)

☐ **DISMISSAL WITH LEAVE**
The undersigned prosecutor enters a dismissal with leave to the above charge(s) and assigns the following reasons:
☐ 1. The defendant failed to appear for a criminal proceeding at which the defendant's attendance was required and the prosecutor believes that the defendant cannot readily be found.
☐ 2. The defendant has been indicted and cannot readily be found to be served with an Order For Arrest.
☐ 3. The defendant has entered into a deferred prosecution agreement with the prosecutor in accordance with the provisions of Article 82 of G.S. Chapter 15A.
**NOTE:** Pursuant to the repeal of G.S. 15A-1009, the prosecutor can no longer dismiss charges with leave for defendants found incapable to proceed.

**NOTE:** This form must be completed and signed by the prosecutor when the dismissal occurs out of court. The better practice is for the prosecutor to complete and sign the form when the charges are orally dismissed in open court.
Also, in accordance with G.S. 15A-931(a1), unless the defendant or the defendant's attorney has been otherwise notified by the prosecutor, a written dismissal of the charges against the defendant must be served in the same manner prescribed for motions under G.S. 15A-951. If the record reflects that the defendant is in custody, the written dismissal shall also be served by the prosecutor on the chief officer of the custodial facility where the defendant is in custody.

| Date | Name Of Prosecutor (type or print) | Signature Of Prosecutor |
|---|---|---|
| 11/13/24 | R. Echols | |

☒ **REINSTATEMENT**
This case, having previously been dismissed with leave as indicated above, is now reinstated for trial.

| Date | Name Of Prosecutor (type or print) | Signature Of Prosecutor |
|---|---|---|
| | | |

PLAINTIFF'S EXHIBIT

AOC-CR-307B, Rev. 3/21, © 2021 Administrative Office of the Courts

(Over)

Case 5:25-ct-03011-BO Document 41-1 Filed 12/01/25 Page 12 of 58
Case 5:25-ct-03011-BO Document 1-1 Filed 01/13/25 Page 16 of 58
Page 1 of 2

| ADDITIONAL FILE NUMBERS AND OFFENSES | | | |
|---|---|---|---|
| **File Number** | | **Count No.(s)** | **Offense(s)** |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## ADDITIONAL INFORMATION PERTAINING TO DISMISSAL

The undersigned prosecutor provides the following additional information pertaining to the dismissal entered in this case:

| Date | Name Of Prosecutor (type or print) | Signature Of Prosecutor |
|---|---|---|
| | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Agency Name** | | **APPROVED (Anthony D. Cash)** | | **Incident Number** | | |
| Halifax County Sheriff's Office | | **INCIDENT/INVESTIGATION REPORT** | | 2400898 | | |

**INCIDENT DATA**

**ORI**: NC0420000

Date / Time Reported: ⓢ M T W T F S — Month 07 / Day 07 / Yr 2024 / Time 0:18 Hrs.

**#1 Crime / Incident(s)**: 90C - DISORDERLY CONDUCT
☐ Attempt ■ Complete
At Found: ⓢ M T W T F S — Month 07 / Day 07 / Yr 2024 / Time 0:45 Hrs.
Last Known Secure: ⓢ M T W T F S — Month 07 / Day 07 / Yr 2024 / Time 0:30 Hrs.

**#2 Crime Incident**: 90C - RESIST/OBSTRUCT PUBLIC OFFICER
☐ Attempt ■ Complete
**Location of Incident**: 400 W 3rd St, Weldon, NC 27890
**Offense Tract**: Area 2

**#3 Crime Incident**:
☐ Attempt ☐ Complete
**Location/Premise**: 13 - Highway/Road/Alley/Street/Sidewalk
**Victim Residence Type**: ☐ Single Family ☐ Multi Family

**MO**

**How Attacked or Committed**: By resisting a public oficer
**Method Of Entry**: ☐ Force ☐ No Force
**Weapon / Tools**:

**# of Victims**: 1
**Type**: ☐ Person ☐ Business ■ Society ☐ Government ☐ Financial Institue ☐ Religious ☐ L.E. Officer Line of Duty ☐ Other/Unk
**Injury**: ☐ None ☐ Minor ☐ Loss of Teeth ☐ Broken Bones ☐ Severe Lacerations ☐ Internal ☐ Unconscious ☐ Other Major
**Drug/Alcohol Use**: ☐ Yes ☐ Unknown ☐ No

**VICTIM**

**V1 Victim/Business Name (Last, First, Middle)**: State of NC, N. Estes
**Victim of Crime #** | **DOB / Age** | **Race** | **Sex**
**Relationship To Offender** | **Resident Status**: ☐ Resident ☐ Non-Resident ☐ Unknown

**Home Address**: | **Home Phone**:
**Employer Name/Address**: | **Business Phone**:
**VYR** | **Make** | **Model** | **Style** | **Color** | **Lic/Lis** | **Vin**

**OTHERS INVOLVED**

CODES: V = Victim (Denote V2, V3)  O = Owner (if other than victim)  R = Reporting Person (if other than victim)
**Type**: ☐ Person ☐ Business ☐ Society ☐ Government ☐ Financial Institute ☐ Religious ☐ L.E. Officer Line of Duty ☐ Other/Unknown
**Code** | **Name (Last, First, Middle)** | **Victim of Crime #** | **DOB / Age** | **Race** | **Sex**
**Home Address**: | **Home Phone**:
**Employer Name/Address**: | **Business Phone**:

**Type**: ☐ Person ☐ Business ☐ Society ☐ Government ☐ Financial Institute ☐ Religious ☐ L.E. Officer Line of Duty ☐ Other/Unknown
**Code** | **Name (Last, First, Middle)** | **Victim of Crime #** | **DOB / Age** | **Race** | **Sex**
**Home Address**: | **Home Phone**:
**Employer Name/Address**: | **Business Phone**:

**PROPERTY**

**Status Codes** (Check "OJ" column if recovered for other jurisdiction): 1 = None  2 = Burned  3 = Counterfeit / Forged  4 = Damaged  5 = Recovered  6 = Seized  7 = Stolen  8 = Unknown

| Victim # | DCI | Status | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**ID**

**Officer Name**: Deputy Nicolas H. Estes  **ID#**: E3790
**Officer Signature**:
**Supervisor Signature**:

**STATUS**

**Complainant Signature**:

**Case Status**: ☐ Active ☐ Closed by Arrest ☐ Closed by Exception ☐ Closed by Other Means ☐ Inactive ☐ Unfounded ☐ Located (Missing Person and Runaways only)

**Exceptional Clearance**: ☐ Death of Offender ☐ Prosecution Declined ☐ In Custody of Other Jurisdiction ☐ Victim Refuse to Cooperate ☐ Juvenile/No Custody ■ Not Applicable

**Page** 1 of 11

DCI-600F
Rev. 3/92

| Incident Number |
| --- |
| 2400898 |

| Status Codes | 1 = None | 2 = Burned | 3 = Counterfeit / Forged | 4 = Damaged | 5 = Recovered | 6 = Seized | 7 = Stolen | 8 = Unknown |

**DRUGS**

| DCI | Status | Quantity | Type Measure | Suspected Type | Criminal Activity |
| --- | --- | --- | --- | --- | --- |
| | | | | | |
| | | | | | |
| | | | | | |

**OFFENDER**

| Offender Used | Yes | No | N/A |
| --- | --- | --- | --- |
| Alcohol | ☐ | ☐ | ☐ |
| Drugs/Narcotics | ☐ | ☐ | ☐ |
| Computer | ☐ | ☐ | ☐ |

Offender 1
Age: 37   Race: B   Sex: M   Age:   Race:   Sex:   Age:   Race:   Sex:
Age:   Race:   Sex:   Age:   Race:   Sex:   Age:   Race:   Sex:

Primary Offender
Resident Status
■ Resident
☐ Non-Resident
☐ Unknown

**SUSPECT**

| Name (Last, First, Middle) | Alias or Nickname | Home Address |
| --- | --- | --- |
| | | |

| Occupation | Business Address |
| --- | --- |
| | |

| DOB / Age | Race | Sex | Height | Weight | Build | Hair Color | Hair Style | Hair Length | Eye Color |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | | | |

Scars, Marks, Tattoos, or other distinguishing features (i.e. limp, foreign accent, voice characteristics)

| Hat | Jacket | Shirt/Blouse | Tie/Scarf | Coat/Suit | Pants/Dress/Skirt | Socks | Shoes |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | |

| Was Suspect Armed? | Type of Weapon | Direction of Travel | Mode of Travel |
| --- | --- | --- | --- |
| | | | |

| VYR | Make | Model | Style | Color | Lic/Lis | Vin |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | | | |

**WITNESS**

| Name (Last, First, Middle) | DOB / Age | Race | Sex | Incident Number |
| --- | --- | --- | --- | --- |
| | | | | |

| Home Address | Home Phone | Employer | Phone |
| --- | --- | --- | --- |
| | | | |

Suspect Hate / Bias Motivated:   Yes ☐   No ■   88-None (No Bias)

**NARRATIVE**

Narrative
CFS # 24-00047582

Caller Statement: CALLER ADV IT'S A MALE OUT THERE WITH A WEAPON CHASING HIS PREGNANT GF , SAME IS A BLACK MALE

JMMCELWEE - 2024-07-07 00:19:06

CALLER ADV SHE CAN'T GIVE ME A DESC

JMMCELWEE - 2024-07-07 00:19:42

CALLER ADV HES WEARING A BLACK SHIRT HAS DRED LOCKS ADV HE HAS MULTIPLE WARRANTS

JMMCELWEE - 2024-07-07 00:19:47

CALLER ADV HE'S CHOKING HER

JMMCELWEE - 2024-07-07 00:20:01

CALLER ADV IT'S A BLOCK PARTY

JMMCELWEE - 2024-07-07 00:20:13

CALLER ADV HE'S STILL CHOKING HER

RDAVIS - 2024-07-07 00:20:22

256 ADV 10-23 THE AREA

JMMCELWEE - 2024-07-07 00:20:29

CALLER ADV THE FEMALE IS ON A GRAY ACURA , THE MALE IS KNOWN TO RUN

JMMCELWEE - 2024-07-07 00:20:40

CALLER ADV THE MALE IS ABOUT 25-29YO

JMMCELWEE - 2024-07-07 00:21:01

## CONTINUATION PAGE

| 1. AGENCY | | 2. ORI | 3. CONTINUATION TO: | | 4. INCIDENT FILE NO. |
|---|---|---|---|---|---|
| Halifax County Sheriff's Office | | NC0420000 | ☑ INVESTIGATION   ☐ ARREST<br>☐ SUPPLEMENTARY INV. | | 2400898 |

Narrative

CALLER REFU TO LEAVE HER NAME, DOESNT WANT TO SPEAK TO LEO

JMMCELWEE - 2024-07-07 00:21:09

CALLER ADV IT'S ABOUT 50 PEOPLE OUT THERE

HPLEASANT - 2024-07-07 00:21:23

UPDATED UNITS ENR

JMMCELWEE - 2024-07-07 00:21:54

CALLER ADV THE MALE HAS HIS ARM IN THE CAR STILL , IN THE YARD OF 406 CHESTNUT ST

JMMCELWEE - 2024-07-07 00:22:27

CALLER IS SPEAKING TO LEO

RDAVIS - 2024-07-07 00:22:29

UPD UNITS REF LAST

JMMCELWEE - 2024-07-07 00:22:47

DISCONNECTED WHEN SHE WAS SPEAKING TO LEO

RDAVIS - 2024-07-07 00:23:03

UNIT SAID ITS THE GRAY ACURA BEHIND ME... AND MALE MIGHT RUN

RDAVIS - 2024-07-07 00:23:27

UNIT ADV STANDBY UNTIL THEY GET TO THE ACURA MALE IS IN SAME AND WILL RUN

RDAVIS - 2024-07-07 00:23:57

265 REQ COUNTY UNITS REF CROWD CONTROL

RDAVIS - 2024-07-07 00:24:42

265 REQ RR UNITS AS WELL REF APPROX 200 PEOPLE OUT THERE

JMMCELWEE - 2024-07-07 00:25:12

UPDATED COUNTY , 140 ADV TO MAKE RRPD AWARE

HPLEASANT - 2024-07-07 00:25:18

A160 ADVD

JMMCELWEE - 2024-07-07 00:25:19

UNSOL.DMVISS.QDF.20240707002451.

TO:  HFC     -2526701 20240707 00:24:51    18B410F955

FROM: DMVISS         20240707 00:24:51

                     N.C. DRIVER LICENSE SYSTEM

RESPONSE BASED UPON:

CUSTOMER ID:    44051606  PAGES:    50

ATTENTION:    IMAGE: Y

                DRIVER HISTORY RESPONSE

NAME: WILLIAMS JIMMY ISAIAH

ADDRESS:  112 N BAY ST

CITY:   GASTON          STATE: NC  ZIP: 278329730  TOTAL POINTS:    0

DOB:09-06-1997 HEIGHT: 5 FT. 10 IN.   SEX: M  EYES: BRO  HAIR: BLK  RACE: B

PRIMARY LICENSE NO:    44051606

SECONDARY LICENSE NO:          NON-RESIDENT MILITARY: N   REAL ID: Y

ORG. ISS.DT: 12-07-22 OS DL NO:             OS STATE:

*** DRIVER LICENSE STATUS: CLS C SUSPENDED - PICK UP LICENSE ***

| Officer Name / ID | | Officer Signature | Page 3 |
|---|---|---|---|
| Deputy Nicolas H. Estes - E3790 | | | of 11 |

| 1. AGENCY | 2. ORI | 3. CONTINUATION TO: | 4. INCIDENT FILE NO. |
|---|---|---|---|
| Halifax County Sheriff's Office | NC0420000 | ■ INVESTIGATION   ☐ ARREST<br>☐ SUPPLEMENTARY INV. | 2400898 |

**Narrative**

```
          LIC                                    LMT  COND
CLASS GRP TYP ISSUE DT   EXPIR DT CDL  DISQ  PROB  PRIV RESTR     STATUS
C        O   12-07-22    09-06-30  N    N     N     N    N       SUSPENDED
ENDORS:
RSTR: 0 NONE


CRD TRNS:0033793870


OCCUR/      CONV/
BEG DATE   END DATE        NATURE OF RECORD OR DIVISION ACTION        POINTS


          SCHBUS:  NOT ELIG FOR SCHOOL BUS DRIVER CERTIFICATION


02-12-24  06-13-24  CONV:   (634)FAIL TO APPEAR
                    COURT: HALIFAX COUNTY COURT, NC
                    COURT: AOC #: 2024CR 700896      CITATION ID: 003J1035


02-12-24  06-13-24  CONV:   (634)FAIL TO APPEAR
                    COURT: HALIFAX COUNTY COURT, NC
                    COURT: AOC #: 2024CR 700896      CITATION ID: 003J1035


08-08-23  INDEF    SUSP:  FAILURE TO APPEAR
                    STATUTE: 20-24.1


12-12-22  05-17-23  CONV:   (634)FAIL TO APPEAR
                    COURT: HALIFAX COUNTY COURT, NC
                    COURT: AOC #: 33IF 000290        CITATION ID: C5034665
JMMCELWEE - 2024-07-07 00:25:33
06WQ000011.NC2K.QWA.20240707002456.
   TO: HFC    -2526706 20240707 00:24:56      000652874F
FROM: NC2K         20240707 00:24:55
1L0107BC04D3DB2QWA
NC042013N


***MESSAGE KEY QWA SEARCHES ALL NCIC PERSONS FILES WITHOUT LIMITATIONS.
MKE/WANTED PERSON
EXL/3 - EXTRADITION - SURROUNDING STATES ONLY
ORI/NC0420200 NAM/WILLIAMS,JIMMY ISAIAH SEX/M RAC/B POB/NC
DOB/19970906 HGT/511 WGT/115 EYE/BRO HAI/BLK FBI/RN6L475KA CTZ/US
SKN/LBR
SOC/237879857
OLN/44051606 OLS/NC OLY/2030
```

| Officer Name / ID | Officer Signature | |
|---|---|---|
| Deputy Nicolas H. Estes - E3790 | | Page 4<br>of 11 |

## CONTINUATION PAGE

| 1. AGENCY | | 2. ORI | 3. CONTINUATION TO: | 4. INCIDENT FILE NO. |
|---|---|---|---|---|
| Halifax County Sheriff's Office | | NC0420000 | ☑ INVESTIGATION ☐ ARREST ☐ SUPPLEMENTARY INV. | 2400898 |

Narrative
OFF/LARCENY

DOW/20240523 OCA/2024-01203

WNO/24CR314492

MIS/OCA 2024-01203 24CR314492-410 F-FELONY LARCENY F-BREAK ENTER MOTOR VEHOCA

MIS/2024-01223 24CR316122-410 F LARCENY OF MOTOR VEH OCA 2024-01223

MIS/24CR316126-410 F POSSESSION OF FIREARM BY FELONOCA 2024-01223 24CR316127-410

MIS/ F POSSESS STOLEN MOTOR VEH M RESISTING PUBLIC OFFICER

DNA/N

ADD/01 - RESIDENCE (LAST KNOWN) DDA/20240523

SNU/923 SNA/HENRY ST

CTY/ROANOKE RAPIDS STA/NC ZIP/27870

COU/HALIFAX

ORI IS ROANOKE RAPIDS PD 252 533-2810

AKA/JIMMY,ISIAH WILLIAMS JR

AKA/WILLIAMS,JIMMY I

AKA/WILLIAMS,JIMMY I JR

AKA/WILLIAMS,JIMMY ISAIAH JR

AKA/WILLIAMS,JIMMY ISIAH

AKA/WILLIAMS,JIMMY ISIAH JR

IMN/I911952059 IMT/M

NIC/W105131883 DTE/20240523 1558 EDT DLU/20240525 1012 EDT

IMMED CONFIRM WARRANT AND EXTRADITION WITH ORI

| IMR/MUGSHOT IMAGE NAM:WILLIAMS,JIMMY ISAIAH | DOB:19970906 RAC:B HGT:511 | WGT:115 |
|---|---|---|

| DOI:20221207 | NIC:W105131883 IMN:I911952059 | MIS: |
|---|---|---|

WARNING - STANDING ALONE, NCIC GANG GROUP AND MEMBER

FILE INFORMATION DOES NOT FURNISH GROUNDS FOR THE

SEARCH OR SEIZURE OF ANY INDIVIDUAL, VEHICLE, OR DWELLING.

MKE/CRIMINAL GANG MEMBER - CAUTION

ORI/NC092065G NAM/WILLIAMS,JIMMY I JR SEX/M RAC/B POB/NC

DOB/19970906 HGT/600 WGT/155 EYE/BRO HAI/BLK FBI/RN6L475KA

SOC/237879857

GNG/CRIPS*RLNC SGP/NONE KNOWN

ECR/BD DOP/20260702 OCA/1515941

VLD/20231101

MIS/SID# NC1847318A

DNA/N

ORI IS DOAC-COMMUNITY CORRECTIONS 919 324-1159

AKA/WILLIAMS,JIMMY ISIAH JR

AKA/X,LIL JIMMY

NIC/T021696823 DTE/20210702 1635 EDT DLU/20231101 0237 EDT

| Officer Name / ID | Officer Signature | Page 5 |
|---|---|---|
| Deputy Nicolas H. Estes - E3790 | | of 11 |

**CONTINUATION PAGE**

| 1. AGENCY | | 2. ORI | 3. CONTINUATION TO: | 4. INCIDENT FILE NO. |
|---|---|---|---|---|
| Halifax County Sheriff's Office | | NC0420000 | ■ INVESTIGATION ☐ ARREST<br>☐ SUPPLEMENTARY INV. | 2400898 |

| Narrative |
|---|
| JMMCELWEE - 2024-07-07 00:26:03 |
| Defendant/ Business |
| Defendant DOB |
| DMVID/State |
| Tax Id |
| File Number |
| Type |
| County |
| Offense |
| Known Aliases |
| Flags |
| Status |
| JIMMY ISAIAH WILLIAMS Jr. |
| 09/06/1997 |
| 44051606 NC |
| 24CR316122-410 |
| North Carolina Warrant for Arrest |
| HALIFAX |
| LARCENY OF MOTOR VEHICLE (F) |
| JIMMY ISAIAH WILLIAMS |
| JIMMY ISIAH WILLIAMS Jr. |
| VR |
| FCR |
| Unserved |
| JIMMY ISAIAH WILLIAMS Jr. |
| 09/06/1997 |
| 44051606 NC |
| 24CR316126-410 |
| North Carolina Warrant for Arrest |
| HALIFAX |
| POSSESSION OF FIREARM BY FELON |
| JIMMY ISAIAH WILLIAMS |
| JIMMY ISIAH WILLIAMS Jr. |
| FCR |
| Unserved |
| JIMMY ISAIAH WILLIAMS Jr. |
| 09/06/1997 |
| 44051606 NC |
| 24CR311154-410 |
| North Carolina Warrant for Arrest |
| HALIFAX |
| LARCENY FROM THE PERSON |
| JIMMY ISIAH WILLIAMS Jr. |

| Officer Name / ID | Officer Signature | Page 6 |
|---|---|---|
| Deputy Nicolas H. Estes - E3790 | | of 11 |

## CONTINUATION PAGE

| 1. AGENCY | | 2. ORI | 3. CONTINUATION TO: | 4. INCIDENT FILE NO. |
|---|---|---|---|---|
| Halifax County Sheriff's Office | | NC0420000 | ■ INVESTIGATION  ☐ ARREST<br>☐ SUPPLEMENTARY INV. | 2400898 |

| Narrative |
|---|
| VR |
| FCR |
| DV |
| DV-H |
| Unserved |
| JIMMY ISAIAH WILLIAMS Jr. |
| 09/06/1997 |
| 44051606 NC |
| 24CR316127-410 |
| North Carolina Warrant for Arrest |
| HALIFAX |
| POSSESS STOLEN MOTOR VEHICLE |
| JIMMY ISAIAH WILLIAMS |
| JIMMY ISIAH WILLIAMS Jr. |
| VR |
| FCR |
| Unserved |
| JIMMY ISAIAH WILLIAMS Jr. |
| 09/06/1997 |
| 44051606 NC |
| 24CR314492-410 |
| North Carolina Warrant for Arrest |
| HALIFAX |
| BREAK/ENTER MOTOR VEH |
| JIMMY ISAIAH WILLIAMS |
| JIMMY ISIAH WILLIAMS Jr. |
| VR |
| FCR |
| Unserved |
| Items per page: |
| 20 |
| 1 - 5 of 5 |
| RDAVIS - 2024-07-07 00:27:21 |
| WPD UNITS WERE ADV REF THE ACCD SUBJ |
| RDAVIS - 2024-07-07 00:29:04 |
| 256 ADV THEY NEED EMS REF FEM ACTIVELY PASSING OUT POSS SEIZURE |
| RDAVIS - 2024-07-07 00:29:30 |
| EXACT LOC FOR PT 407 CHESTNUT ST |
| SBRADLEY - 2024-07-07 00:29:59 |
| EMS ST 6 DIRECT |
| RDAVIS - 2024-07-07 00:30:34 |
| 265 ADV TELL EMS TO TURN RIGHT ON POPLAR THEN TURN LEFT BUT DONT COME DOWN CHESTNUT TO REF CHESTNUT |
| IS BLOCKED OFF |

| Officer Name / ID | Officer Signature | Page 7 |
|---|---|---|
| Deputy Nicolas H. Estes - E3790 | | of 11 |

| 1. AGENCY | 2. ORI | 3. CONTINUATION TO: | 4. INCIDENT FILE NO. |
|---|---|---|---|
| Halifax County Sheriff's Office | NC0420000 | ■ INVESTIGATION ☐ ARREST<br>☐ SUPPLEMENTARY INV. | 2400898 |

Narrative

| | |
|---|---|
| JMMCELWEE - 2024-07-07 00:31:27 | |
| 140 ASKED 144 IF HE HAD ANY UPDATES , 144 ADV NO UPDATES IT'S HARD TO SEE WHO ANYONE IS ITS A BUNCH OF PEOPLE IN THE STREET | |
| JMMCELWEE - 2024-07-07 00:31:48 | |
| 140 ASKED IF THE MALE WAS ON A CAR, 144 ADV THEY AREN'T SURE THEY NEED HELP SHUTTING IT DOWN | |
| JMMCELWEE - 2024-07-07 00:33:00 | |
| 140 ASKED 144 IF THEY NEED TO BRING 145,146,142 TO SHUT IT DOWN | |
| RDAVIS - 2024-07-07 00:33:00 | |
| EMS AND TK3 WERE ADV REF COMMENT AT 00:30 | |
| JMMCELWEE - 2024-07-07 00:33:17 | |
| 143 ADV 140 TO GIVE HER A SECOND THEY HAVE PEOPLE TRYING TO GET OUT PATROL CARS BLOCKING THE WAY | |
| RDAVIS - 2024-07-07 00:34:03 | |
| TK3 ADV 4TH AND CHESTNUT | |
| JMMCELWEE - 2024-07-07 00:34:07 | |
| 140 ADV SE UNITS TO HEAD THAT WAY TILL THEY CAN ADV FURTHER | |
| JMMCELWEE - 2024-07-07 00:34:42 | |
| 143 ADV TO PROCEED THAT WAY APPARENTLY ITS A MEDICAL EMERGENCY PEOPLE NOT LISTENING TO ANYTHING ABOUT 250 PEOPLE OUT THERE | |
| RDAVIS - 2024-07-07 00:34:53 | |
| 256 ADV COME DOWN CHESTNUT THEY ARE RIGHT THERE... I INQ IF THEY CAN PROCEED TO 407, HE ADV 10-4 | |
| VJOHNSTON - 2024-07-07 00:35:44 | |
| EMS ADV JULIAN ALSBROOKS JUST BEFORE WELDON | |
| RDAVIS - 2024-07-07 00:36:35 | |
| UNIT ADV ADDITIONAL UNITS CAN TAKE A RIGHT ON POPLAR COME DOWN TO CHESTNUT RERF THERE ARE TOO MANY CARS ON CHESTNUT | |
| RDAVIS - 2024-07-07 00:37:01 | |
| ADV CO UNITS REF LAST | |
| RDAVIS - 2024-07-07 00:37:10 | |
| 265 INQ 263 10-20 | |
| VJOHNSTON - 2024-07-07 00:37:54 | |
| R602 ADV 2 MINS OUT | |
| JMMCELWEE - 2024-07-07 00:42:30 | |
| 140 ADV 145 HAS A 10-72 RIGHT HERE AT CHESTNUT ST / HWY 301 | |
| RDAVIS - 2024-07-07 00:42:31 | |
| TK3 ADV TELL EMS TO COME DOWN POPLAR TO 4TH... UPD R602 THEY ADV TRYING TO GET THROUGH TRAFFIC | |
| RDAVIS - 2024-07-07 00:43:02 | |
| TK3 ADV 10-4 THERE ARE CARS EVERYWHERE THEY ARE TRYING TO GET TO EMS | |
| VJOHNSTON - 2024-07-07 00:43:06 | |
| R602 ADV THEY ARE TRYING TO GET THE THEM... ADV THE ARE DOWN BY THE CHURCH ON MULBERRY AND CANT GET THROUGH THE CROWDS ON 4TH | |
| RDAVIS - 2024-07-07 00:43:27 | |
| TK3 ADV TELL EMS TO STAY PUT WHERE THEY ARE THINK THEY CAN GET TO THEM | |
| JMMCELWEE - 2024-07-07 00:43:45 | |

| Officer Name / ID | | Officer Signature | | Page 8 |
|---|---|---|---|---|
| Deputy Nicolas H. Estes - E3790 | | | | of 11 |

| 1. AGENCY | 2. ORI | 3. CONTINUATION TO: | 4. INCIDENT FILE NO. |
|---|---|---|---|
| Halifax County Sheriff's Office | NC0420000 | ■ INVESTIGATION ☐ ARREST<br>☐ SUPPLEMENTARY INV. | 2400898 |

Narrative

140 ASKED IF RR HAS ANYONE ELSE

VJOHNSTON - 2024-07-07 00:43:51

R602 ADV THEY ARE TRIED GO THE BACK WAY AND STILL CANT GO THROUGH

JMMCELWEE - 2024-07-07 00:44:16

ASKED A160 REF SAME

RDAVIS - 2024-07-07 00:44:17

WPD UNITS 10-4

JMMCELWEE - 2024-07-07 00:44:27

A160 ADV HE CAN SEND ONE

RDAVIS - 2024-07-07 00:45:07

ADV WPD REF COUNTY 10-72 AND LOC

JMMCELWEE - 2024-07-07 00:45:13

ASKED 140 IF HE NEEDED SHP TO RESPOND TO ASSIST , 143 ADV THEY THINK THEY ARE GOING TO BE 10-4

GONNA SEE WHAT WELDON PD WANTS TO DO EVERYONE THAT IS STILL THERE IS REFU TO LEAVE

VJOHNSTON - 2024-07-07 00:45:16

R602 ADV THEY ARE BY THE CHURCH IN THE CURVE

VJOHNSTON - 2024-07-07 00:45:23

ADV THEY ARE IN THE PVA

JMMCELWEE - 2024-07-07 00:46:57

A163 ADV HIM AND A161 ARE 10-4 LARGE CROWD OUT THERE BUT EVERYONE IS DISPERSING

JMMCELWEE - 2024-07-07 00:47:12

143 ADV 140 WELDON ADV THEY ARE GONNA LET THEM HAVE THE PARTY THEY ARE 10-8

VJOHNSTON - 2024-07-07 00:47:27

TK3 ADV EMS CAN CANCEL THEY ARE DRIVING THEMSELVES BUT THEY ARE STUCK UNTIL TRAFFIC

JMMCELWEE - 2024-07-07 00:47:48

140 ADV SO WE COME OVER HERE TO HELP THEM, GET IN A 10-40 CAUSE WE TOLD THIS GUY TO LEAVE AND NOW

THEY WANNA LET THEM STAY ...143 ADV 10-4

JMMCELWEE - 2024-07-07 00:47:55

140 ADV ALL CO UNITS TO CLEAR

RDAVIS - 2024-07-07 00:48:25

TK3 - REM

JMMCELWEE - 2024-07-07 00:48:35

140 - LEF - HCSO

JMMCELWEE - 2024-07-07 00:48:57

145 - LEF - HFA 1 MALE 10-72

VJOHNSTON - 2024-07-07 00:49:23

R602 - REM - PT WENT POV NOT NEEDED

JMMCELWEE - 2024-07-07 00:49:27

145 RAN SAME ITS GOING TO BE THE 10-72

UNSOL.DMVISS.QDF.20240707004958.

TO: HFC    -2526728 20240707 00:49:58    18B410FB4A

| Officer Name / ID | Officer Signature | Page 9 |
|---|---|---|
| Deputy Nicolas H. Estes - E3790 | | of 11 |

# CONTINUATION PAGE

| 1. AGENCY | 2. ORI | 3. CONTINUATION TO: | 4. INCIDENT FILE NO. |
|---|---|---|---|
| Halifax County Sheriff's Office | NC0420000 | ■ INVESTIGATION  ☐ ARREST<br>☐ SUPPLEMENTARY INV. | 2400898 |

**Narrative**

```
FROM: DMVISS          20240707 00:49:56

                    N.C. DRIVER LICENSE SYSTEM

RESPONSE BASED UPON:

CUSTOMER ID:    21185059  PAGES:    50

ATTENTION:      IMAGE: Y

                    DRIVER HISTORY RESPONSE

NAME: JOHNSON TERRANCE II

ADDRESS:   400 W 3RD ST  APT 6

CITY:    WELDON            STATE: NC  ZIP: 278901360  TOTAL POINTS:    0

DOB:01-18-1987 HEIGHT: 5 FT. 09 IN.   SEX: M  EYES: BRO  HAIR: BRO  RACE: B

PRIMARY LICENSE NO:       21185059

SECONDARY LICENSE NO:           NON-RESIDENT MILITARY: N    REAL ID: N

ORG. ISS.DT: 04-28-17  OS DL NO:             OS STATE:


    *** DRIVER LICENSE STATUS: CLS C ACTIVE ***


       LIC                          LMT  COND

CLASS GRP TYP ISSUE DT  EXPIR DT CDL  DISQ  PROB  PRIV RESTR    STATUS

  C      D  09-18-23  01-18-25  N    N     N     N    N     ACTIVE

ENDORS:

RSTR: 1 CORRECTIVE LENSES

RSTR: 19BAC .04 RESTRICTION



06WQ00001T.NC2K.QWA.20240707005001.

  TO: HFC    -2526732 20240707 00:50:01   0006528CE8

FROM: NC2K          20240707 00:50:00

1L0107BC04D3DC2QWA

NC042013N


NO NCIC WANT OLN/21185059

NO NCIC WANT NAM/JOHNSON,TERRANCE II DOB/19870118

***MESSAGE KEY QWA SEARCHES ALL NCIC PERSONS FILES WITHOUT LIMITATIONS.

JMMCELWEE - 2024-07-07 00:50:05

140 ADV 143 TO HAVE THE SUPR WITH WELDON CALL HIM, 143 ADV THEY DONT HAVE ONE ON DUTY THEY HAD TO

CALL THE LT WHO MADE THE DECISION , 140 ASKED 143 IF SAME WAS MELTON SHE ADV SHE BELIEVES SO

JMMCELWEE - 2024-07-07 00:50:14

142 - REM

JMMCELWEE - 2024-07-07 00:50:28

146 - REM

JMMCELWEE - 2024-07-07 00:50:31

144 - REM

JMMCELWEE - 2024-07-07 00:51:22
```

| Officer Name / ID | | Officer Signature | Page 10 |
|---|---|---|---|
| Deputy Nicolas H. Estes - E3790 | | | of 11 |

# CONTINUATION PAGE

| 1. AGENCY | 2. ORI | 3. CONTINUATION TO: | 4. INCIDENT FILE NO. |
|---|---|---|---|
| Halifax County Sheriff's Office | NC0420000 | ■ INVESTIGATION  ☐ ARREST<br>☐ SUPPLEMENTARY INV. | 2400898 |

Narrative
NEG EWARRANTS ON TERRANCE JOHNSON II

*************************************LEO narrative*****************************

On 7/7/2024 I responded to the area of Chestnut St and W Third St in Weldon in reference to
assisting Weldon Police Department with crowd control at a block party. Upon my arrival I came into
contact with a slender black male with no shirt on who was irrate saying " why the fuck are their
so many of yall out here, this is bullshit." then when Cpl. G. Caine was arriving on scene. " damn
don't hit me man." refering to Cpl. G. Caine arriving. All this was said in front of a large crowd
at a block party while standing in the middle of W Third St.

I then attempted to place this male in handcuffs when he pulled away and took off running, I then
ran after the male and he fell. I was able to gain control of the male and place him under arrest.
After arresting the male I identified him as Terrance Johnson II, Johnson's wife then advised that
the male was autistic and gets very emotional in situations. Johnson was then transported to
Halifax County Magistrates Office without any further incident.

Johnson was seen before Magistrate C. Kidd and was charged with disorderly counduct and resisting a
public officer. Johnson received a $2,000 unsecured bond and court date of 7/24/2024 in district
court.

My body worn camera was activated throughout investigation.

| Officer Name / ID | Officer Signature | Page 11 |
|---|---|---|
| Deputy Nicolas H. Estes - E3790 | | of 11 |







**Halifax County NC Sheriff's Office**

Apr 24, 2024 · 🌐

Deputy Estes spending some quality time with the kids. These positive interactions are priceless.

We are our Community!



 **Halifax County NC Sheriff's Office**
Jul 9, 2024 · ⊙

\*\*Suspicious vehicle call leads to cocaine arrest\*\*

On July 8, 2024 at around 10:30 pm the Cpl. N. Estes with the Halifax County Sheriff's Office responded to a local business on West Tenth Street in Roanoke Rapids in reference to a suspicious vehicle in the parking lot after the business was closed.

When Cpl. Estes arrived, he located a Chevrolet Trail Blazer parked in the lot with two male occupants. Corporal Estes notice both men were very nervous, sweating profusely and would not make eye contact. Cpl. Estes asked for assistance and awaited Lt. Cash to arrive.

Once Lt. Cash was on scene, he spoke with the passenger while Cpl. Estes talked with the driver, James Franks. The two Deputies noticed James Franks attempting to hide something behind his back. At that time Cpl. Estes ordered James Franks out of the car but James Franks did not comply. After a brief struggle Cpl. Estes was able to get James Franks in custody.

Upon searching the vehicle, Cpl. Estes located a balled-up cigarette pack containing crack cocaine and a homemade crack pipe in the driver seat.

Once Cpl. Estes finished his investigation the passenger was released and the driver James David Franks was arrested and charged with Felony Possession of Cocaine, Possession of Drug Paraphernalia and Resisting a Public Officer.

James David Franks was placed in the Halifax County Jail under a $500.00 bond with a July 24, 2024 court date.



👍 Like          💬 Comment          ↗ Share

 **Halifax County NC Sheriff's Office**  •••
Feb 16 · 🌐

**Off Duty Deputy spots Georgia Sex Offender Absconder**

On Friday February 14th Sheriff Tyree Davis received information a Sex Offender absconder from Georgia may be in our county.

Lt. J Lyles sent the information out to members of the Sheriff's Office along with information that William Neal Montgomery may be in the Roanoke Rapids area. An off duty Deputy, C. Hasty saw a man fitting the description at Walmart and contacted Lt. R. White for further assistance.

Deputies Deputy I. Miller, Lt. R. White, and Capt. A. Cash arrived they took Mr. Montgomery into custody near the grocery entrance of the store.

Mr. Montgomery was taken to the Halifax County Magistrate's Office where a Fugitive Order was obtained. Mr. Montgomery was held on no bond with a first court appearance to determine extradition set for February 18, 2025.

Team work by the various divisions of the Sheriff's Office made this capture possible. This is a great example of the work being done by the Halifax County Sheriff's Office.



Write a comment...

 **Halifax County NC Sheriff's Office**
Apr 27 · 🌐

Detective Sergeant G. Keel and Patrol Sergeant N. Estes spoke with members of the Mu Theta Sigma Alumnae Chapter of Sigma Gamma Rho Sorority, Inc. about self-defense and demonstrated some techniques.

Always protect yourself!



+4

👍 Like          ◯ Comment          ↷ Share



# GENERAL ORDER

*Halifax County Sheriff's Office*

## *Citizen Complaints*

| **3.02** |

Effective Date: 2/1/2021     Revision Dates: Replaces Previous policy 2.01 REV 2015

## I. PURPOSE

The purpose of this General Order is to establish guidelines and procedures for receiving, reporting, investigating and adjudicating allegations of misconduct by Sheriff's Office Personnel.

## II. POLICY

The Professional Standards function is important for the maintenance of professional conduct in a law enforcement agency. The integrity of the agency depends on the personal integrity and discipline of each employee. To a large degree, the public image of the agency is determined by the quality of the Professional Standards function in responding to allegations of misconduct by the agency or its employees.

## III. PROCEDURE

    A.     All complaints against the Sheriff's Office or its employees are to be investigated in accordance with the guidelines that follow.

         1.     Line supervisors in an individual employee's chain of command may investigate a misunderstanding between a citizen and an employee and breaches of policy of less than a serious nature.

         2.     A Professional Standards review is required following allegations serious enough to result in suspension, demotion, or termination of an employee, even under circumstances where another jurisdiction is conducting an investigation.

         3.     A Professional Standards review is required of all allegations of misconduct against the Sheriff's Office or its employees. A copy of any counseling or disciplinary action is to accompany the supervisor's report.

Case 5:25-ct-03011-BO     Document 41-1     Filed 12/01/25     Page 31 of 58

B. An individual holding the rank of Sergeant will be responsible for the Professional Standards Division; this individual will answer directly to the Sheriff and Chief Deputy.

C. Any allegations of corruption, brutality, misuse of force, breach of civil rights, officer involved shooting, and criminal misconduct should be brought immediately to the attention of the Sheriff. The chain of command will normally be utilized to inform the Sheriff of complaints against the agency or its employees. However, nothing herein prevents any employee with information about misconduct from going directly to the Sheriff, if necessary.

D. Professional Standards investigations should be completed within 90 days of assignment, provided that an extension is authorized by the Chief Deputy as necessary. If an investigation goes beyond 45 days, the Professional Standards Division will notify the complainant of the status of the investigation and every 45 days thereafter until the investigation is closed.

E. The Office of Professional Standards shall provide written verification to each Complainant within five days of receipt of a complaint indicating the complaint has been received for further investigation. At the conclusion of the investigation, the complainant shall be notified through written verification within five days of completion.

F. Employees notified that they have become the subject of a Professional Standards investigation are entitled to a written statement of the allegations and their rights and responsibilities relative to the investigation.

  1. Employees are citizens and, therefore, guaranteed all rights provided by Federal and State law.

  2. Employees will comply with Sheriff's Office directives and cooperate fully with internal investigations.

G. The Sheriff of Halifax County may require an employee to submit to the following tests or make verbal disclosures when specifically directed and narrowly related to an administrative investigation regarding the employee. Failure to follow a direct order of this nature may result in a separate disciplinary action against an employee.

  1. Medical or laboratory examination of the employee, including but not limited to, chemical tests in accordance with the Halifax County

Sheriff's Office drug testing policy, which will be conducted at the expense of the Sheriff's Office.

2.  Participation in a line-up by the employee.

3.  Photograph(s) taken of the employee.

4.  Financial disclosure statements by the employee.

5.  CVSA/Polygraph examination of the employee in accordance with the "Garrity" decision of the U.S. Supreme Court.

H.  An employee may be relieved from duty on a temporary basis by any supervisor in a position to observe or be reliably informed of conduct or behavior that is serious enough to warrant immediate action pending a physical/psychological determination and/or disposition of an administrative investigation. However, such relief from duty will continue only if ratified by the Sheriff.

I.  A "conclusion of fact" for each investigation into allegations of misconduct will be made. All employees will be notified of the findings once an investigation is completed. All findings will be reported in accordance with the requirements of the state certifying authority for law enforcement officers.

J.  Based on the findings and conclusions of the investigation, the investigator will recommend that the complaint be classified in one of the following categories.

1.  UNFOUNDED: The allegation is false or there is insufficient evidence to support the allegation.

2.  NOT SUSTAINED: There is insufficient evidence to either prove or disprove the allegation.

3.  JUSTIFIED: The incident complained of occurred but it was legal and proper.

4.  SUSTAINED: The allegation is supported by sufficient evidence to indicate the allegation is true.

K.  For all SUSTAINED complaints, the investigating supervisor will recommend appropriate disciplinary action. The Chief Deputy or his designee will submit final recommendations regarding disposition of the

complaint and corrective or disciplinary action, if appropriate, to the Sheriff. A report of any disciplinary action taken will be made and will become a part of the employee's personnel file.

L.     A record will be maintained of all complaints against the agency or its employees; and such record will be maintained in a secure area separate from the personnel or other records/file.

M.    The agency will compile annual statistical summaries based upon records of Professional Standards investigations, which are available to the public and agency employees.

N.    The agency will conduct an annual review of all use of force and vehicle pursuit reports in order to identify trends or patterns that could indicate training needs, equipment upgrades and/or policy modification. The annual use of force report shall be submitted directly to the Sheriff.

O.    All employees are to be trained on the correct procedure to be followed by a citizen who wishes to register a complaint against the agency or its employees. Any citizen, regardless of age, sex, or nationality, who witnesses or has direct knowledge of misconduct by any employee of the Halifax County Sheriff's Office, may file a complaint with the Sheriff's Office. Normally complaints should be filed with the employees' supervisor. If the supervisor is not available or unknown the complaint should be filed with any supervisor on duty, the Major, or the Office of Professional Standards. The citizen's complaint will be recorded on the departments Citizens Complaint Form (See Attachment 1).

Tyree Davis, Sheriff

*Citizen Complaints*                             General Order Number: 3.02

# Halifax County Sheriff's Office

Post Office Box 36
Halifax, NC 27839

Telephone: (252) 583-8201
Fax: (252) 583-2698



## CITIZEN COMPLAINT FORM

Incident
Date: _____

Incident
Time: _____

Today's
Date: _____

Incident
Location: _____

If you wish to remain anonymous check here: ☐

ComplainantName: _____

Complainant Address/City/State/Zip Code:

_____

Complainant Telephone Number(s): _____

What is your complaint?

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

ATTACHMENT 1
3.02 _ Citizen Complaint

Received By: _____

Received Date: _____

Received Time: _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## Civil Action No. 5:25-CT-03011-BO

TERRANCE JOHNSON, II,          )
                                               )

      Plaintiff,             )

                                               )     **DEFENDANTS' OBJECTIONS AND**

v.                                )     **RESPONSES TO PLAINTIFF'S**
                                             )     **FIRST SET OF INTERROGATORIES**

NICOLAS ESTES, ANDY CASH, and   )     **AND REQUESTS FOR PRODUCTON**
TYREE DAVIS,                     )

                                               )

      Defendants.           )

                                               )

NOW COME Defendants Nicolas Estes, Anthony Cash, and Halifax County Sheriff Tyree Davis ("Defendants"), by and through Counsel, and hereby respond to Plaintiff's First Set of Interrogatories and Request for Production as follows:

## OBJECTIONS

Defendants, through counsel, object to these discovery requests to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine; seek information and documents beyond their custody, possession, and control; and seek production and/or disclosure of any information that is protected from disclosure under state and/or federal law.

# INTERROGATORIES

## INTERROGATORY NO. 1:

Identify all persons, including law enforcement officers, present at or near the scene of Plaintiffs arrest on July 7, 2024, including their full names, badge numbers, job titles, and contact information. This includes the person in the white truck that had no visible license plate.

**RESPONSE:** Defendants object to this Request to the extent that it is overbroad, vague, and unduly burdensome. Additionally, Defendants object to this Request to the extent that it is unclear what "badge numbers" refers to. Subject to and without waiving such objections, the law enforcement officers present at the scene of Plaintiff's arrest on July 7, 2024 were Corporal Nicholas Estes and Captain Anthony Cash, both of whom may only be contacted through Counsel using the telephone number or email address provided in the signature line below. At this time, Defendants are unaware of "the person in the white truck that had no visible license plate."

## INTERROGATORY NO. 2:

Admit or deny that it is legal to curse in the State of North Carolina.

**RESPONSE:** Defendants object to this Request to the extent that it appears to be an improper attempt to pose a request for admission as an interrogatory. *See* Fed. R. Civ. P. 30; Fed. R. Civ. P. 34.

## INTERROGATORY NO. 3:

Describe in detail your version of the events leading up to and during Plaintiff's arrest, including all verbal interactions with Plaintiff.

**RESPONSE:** Defendants object to this Request to the extent that it is overbroad, vague, and unduly burdensome. Additionally, Defendants object to this Request to the extent that it is unclear which defendant "your" refers to. Further, Defendants object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving such objections, for a description of "the events leading up to and during Plaintiff's arrest, including all verbal interactions with Plaintiff," Defendants refer to the body worn camera footage from July 7, 2024. Defendants cannot produce this footage absent the entry of a protective order authorizing disclosure of such footage.

2

**INTERROGATORY NO. 4:**

Admit or deny that there was no crowd in the immediate vicinity of the incident as alleged in the Magistrates Order from Plaintiff's arrest.

**RESPONSE: Defendants object to this Request to the extent that it appears to be an improper attempt to pose a request for admission as an interrogatory.** *See* **Fed. R. Civ. P. 30; Fed. R. Civ. P. 34.**


**INTERROGATORY NO. 5:**

Admit or Deny that the Defendant Estes cursed while instructed Plaintiff to "quit cussing and cur your ass down the street" prior to arresting Plaintiff for cursing.

**RESPONSE: Defendants object to this Request to the extent that it appears to be an improper attempt to pose a request for admission as an interrogatory.** *See* **Fed. R. Civ. P. 30; Fed. R. Civ. P. 34.**


**INTERROGATORY NO. 6:**

Explain the basis for the decision to arrest Plaintiff, including who made the decision, what statements or actions were relied upon, and whether a probable cause determination was made.

**RESPONSE: Defendants object to this Request to the extent that it is overbroad, vague, and unduly burdensome. Additionally, Defendants object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving such objections, for an explanation of "the basis for the decision to arrest Plaintiff, including who made the decision, what statements or actions were relied upon, and whether a probable cause determination was made," Defendants refer to the body worn camera footage from July 7, 2024. Defendants cannot produce this footage absent the entry of a protective order authorizing disclosure of such footage. Defendants maintain that probable cause existed for Plaintiff's arrest on July 7, 2024.**


**INTERROGATORY NO. 7:**

Admit or Deny that Plaintiff was grabbed by Defendant Estes after saying "aye listen Imma say what I want to say. Imma say what the hell I want to say" without being told that he was under

3

arrest or detained.

**RESPONSE: Defendants object to this Request to the extent that it appears to be an improper attempt to pose a request for admission as an interrogatory.** *See* **Fed. R. Civ. P. 30; Fed. R. Civ. P. 34.**

## INTERROGATORY NO. 8:

Identify all training you received from January 1, 2022, to July 7, 2024 regarding:

(a)   Use of force;

(b)   De-escalation techniques;

(c)   The First Amendment rights of citizens;

(d)   Duty to intervene.

**RESPONSE: Defendants object to this Request to the extent that it is overbroad, vague, and unduly burdensome. Subject to and without waiving such objections, see attached Training Records.**

## INTERROGATORY NO. 9:

State whether any complaints of excessive force, false arrest, or misconduct have been made against any of the deputies that were present during the incident. For each, identify the date, nature of complaint, and resolution. Include all complaints from January 1, 2015 to January 1, 2025.

**RESPONSE: Defendants object to this Request to the extent that it is overbroad, vague, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendants object to this Request to the extent it seeks information protected from disclosure by North Carolina law, including N.C. Gen. Stat. § 160A-168. Subject to and without waiving such objections, none beyond any allegations which are the subject of this lawsuit. The single Citizen Complaint that concerns the same events underlying this lawsuit will be produced upon entry of a protective order authorizing disclosure of the same.**

4

**INTERROGATORY NO. 10:**

Admit or deny that a deputy dropped a loaded magazine in Plaintiff's yard.

**RESPONSE: Defendants object to this Request to the extent that it appears to be an improper attempt to pose a request for admission as an interrogatory.** *See* **Fed. R. Civ. P. 30; Fed. R. Civ. P. 34.**

**INTERROGATORY NO. 11:**

Describe all policies or procedures in effect on July 7, 2024 regarding:

(a)     Public access to incident reports from arrested individuals;

(b)     Investigating citizen complaints.

**RESPONSE: Defendants object to this Request to the extent that it is overbroad, vague, and unduly burdensome. Additionally, Defendants object to this Request to the extent that it is unclear what "public access to incident reports from arrested individuals" refers to. Subject to and without waiving such objections, see attached policy regarding Citizen Complaints.**

**INTERROGATORY NO. 12:**

Identify all communications (emails, texts, reports, memos, or verbal discussions) between the Defendants or with the Halifax County District Attorney's Office regarding Plaintiff's arrest.

**RESPONSE: Defendants object to this Request to the extent that it is overbroad, vague, and to the extent that it requests information, communications, or materials protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving such objections, see attached Incident Report.**

**INTERROGATORY NO. 13:**

List the process, results, and individuals responsible for investigating Plaintiff's complaint submitted on August 14, 2024.

**RESPONSE: Defendants object to this Request to the extent that it is overbroad, vague, and to the extent that it is unclear what Plaintiff means by "process" and "results." Additionally, it is unclear what "Plaintiff's complaint submitted on August 14, 2024" refers to. Without clarity, Defendants cannot respond to this Request. To the extent that Plaintiff**

5

has a copy of any "complaint submitted on August 14, 2024" that is relevant to this lawsuit, such should have been identified in Plaintiff's Rule 26 Initial Disclosures.

## INTERROGATORY NO. 14:

Do Defendants contend that Plaintiff committed that offense of Disorderly Conduct? If so, describe in detail all actions that you claim constituted Disorderly Conduct, and identify any supporting evidence.

**RESPONSE: Defendants contend that Plaintiff's behavior rose to the level of disorderly conduct, as defined by North Carolina statutes. Subject to and without waiving such objections, for a description of "all actions that [Defendants] claim constituted Disorderly Conduct," Defendants refer to the body worn camera footage from July 7, 2024. Defendants cannot produce this footage absent the entry of a protective order authorizing disclosure of such footage. See also attached Incident Report.**

## INTERROGATORY NO. 15:

Identify the full chain of command within the Halifax County Sheriff's Office on the date and time of Plaintiff's arrest.

**RESPONSE: Defendants object to this Request to the extent that it is overbroad, vague, and to the extent that it is unclear what Plaintiff means by "full chain of command." Subject to and without waiving such objections, the chain of command for the officers at the scene of Plaintiff's arrest on July 7, 2024 is the following: Officer Nicholas Estes was the Corporal on duty. Officer Anthony Cash was the Lieutenant on duty.**

## INTERROGATORY NO. 16:

State the factual and legal basis for each affirmative defense asserted in Defendants' Answer, including qualified immunity and failure to state a claim.

**RESPONSE: Defendants object to this Request to the extent it is a contention interrogatory and to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Additionally, Defendants object to this Request to the extent that it seeks the mental impressions of Counsel. Subject to and without waiving such objections, first, Plaintiff cannot demonstrate that the allegations in his Complaint, even if true, amount to a violation of a constitutional right. Second, Plaintiff cannot demonstrate**

6

that any defendant violated a clearly established right. *See* 42 U.S.C. § 1983.

## INTERROGATORY NO. 17:

Admit or deny that Nicolas Estes failed to appear for Plaintiff's scheduled trial in Halifax

County Courthouse.

**RESPONSE:  Defendants object to this Request to the extent that it appears to be an improper attempt to pose a request for admission as an interrogatory.** *See* **Fed. R. Civ. P. 30; Fed. R. Civ. P. 34.**

## INTERROGATORY NO. 18:

Admit or deny that a Halifax County Sheriff's Deputy turned off the patrol SUV and

lowered the window on plaintiff's side to only about 2 inches before Plaintiff was placed inside

the vehicle.

**RESPONSE:  Defendants object to this Request to the extent that it appears to be an improper attempt to pose a request for admission as an interrogatory.** *See* **Fed. R. Civ. P. 30; Fed. R. Civ. P. 34.**

## INTERROGATORY NO. 19:

Admit or deny that any deputy present drove the wrong way on a one way street towards

the direction of Plaintiff at the time of the incident. If admitted, identify the Deputy. If denied state

who was driving each sheriffs vehicle and their direction of travel.

**RESPONSE:  Defendants object to this Request to the extent that it appears to be an improper attempt to pose a request for admission as an interrogatory.** *See* **Fed. R. Civ. P. 30; Fed. R. Civ. P. 34.**

7

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

Produce all incident reports from any arrest in 2024 that contain any of the following charges:

    (a)    Disorderly Conduct

    (b)    Resisting Delaying and Obstructing

**RESPONSE:** **Defendants object to this Request for Production to the extent that it is overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendants object to this request to the extent it seeks information protected from disclosure by North Carolina law. Subject to and without waiving these objections, see attached Incident Report.**

**REQUEST NO. 2:**

Produce all incident reports, arrest reports, witness statements, or use-of-force reports relating to Plaintiff's arrest.

**RESPONSE:** **Defendants object to this Request for Production to the extent that it seeks information protected from disclosure by North Carolina statutes. Subject to and without waiving these objections, see attached Incident Report.**

**REQUEST NO. 3:**

Produce all internal communications (emails, texts, memos) concerning Plaintiff's arrest.

**RESPONSE:** **Defendants object to this Request for Production to the extent that it is overbroad, vague, and unduly burdensome. Subject to and without waiving these objections, none.**

**REQUEST NO. 4:**

Produce all CAD logs, radio traffic logs, and dispatch records for July 6, 2024 from 11:00 PM to 1:00 AM on July 7, 2024.

8

**RESPONSE:** Defendants object to this Request for Production to the extent that it is overbroad, vague, and unduly burdensome. Subject to and without waiving such objections, the requested information is not within the possession, custody, or control of Defendants.

**REQUEST NO. 5:**

Produce all training materials (manuals, slides, lesson plans) provided to any Defendant between 2022 and July 7, 2024 concerning use of force, First Amendment rights, and duty to intervene.

**RESPONSE:** Defendants object to this Request for Production to the extent that it is overbroad, vague, and unduly burdensome. Subject to and without waiving such objections, none which are in the possession, custody, or control of Defendants.

**REQUEST NO. 6:**

Produce all complaints, internal affairs records, or disciplinary actions against any Deputy present on the scene of the incident from January 1, 2015, to present.

**RESPONSE:** Defendants object to this Request for Production to the extent that it is overbroad, vague, and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendants object to this Request to the extent it seeks information protected from disclosure by North Carolina law, including N.C. Gen. Stat. § 160A-168. Subject to and without waiving such objections, the single Citizen Complaint that concerns the same events underlying this lawsuit will be produced upon entry of a protective order authorizing disclosure of the same.

**REQUEST NO. 7:**

Produce all documents related to Plaintiff's August 14, 2024, complaint, including internal reviews, responses, or findings.

**RESPONSE:** Defendants object to this Request for Production to the extent that it is overbroad, vague, and unduly burdensome and to the extent it requests information protected from disclosure by North Carolina statutes. Subject to and without waiving such objections, see attached Incident Report.

9

**REQUEST NO. 8:**

Produce all policies or procedures in effect on July 7, 2024 related to:

(a) Use of force;

(b) Investigations of citizen complaints;

( c) Bodycam operation, disclosure and retention;

(d) Arrest procedures for disorderly conduct or resisting arrest.

**RESPONSE: See attached policies related to Use of Force, Citizen Complaints, and Body Worn Cameras. Defendants are unaware of any policies related to "arrest procedures for disorderly conduct or resisting arrest."**

**REQUEST NO. 9:**

Produce all documents supporting any affirmative defense asserted by Defendants in their

Answer.

**RESPONSE: Defendants object to this Request for Production to the extent that it is overbroad, vague, and unduly burdensome. Additionally, Defendants object to this Request for Production to the extent that it seeks information protected from disclosure by North Carolina law. Further, Defendants object to this Request for Production to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine and/or seeks the mental impressions of Counsel. Subject to and without waiving such objections, see attached Incident Report and Policies.**

10

This the 22nd day of August, 2025.

*Erin H. Epley*

James R. Morgan, Jr.
N.C. State Bar No. 12496
Erin H. Epley
N.C. State Bar No. 50690
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC  27101
Telephone: (336) 721-3660
Facsimile: (336) 721-3660
E-mail:  Jim.Morgan@wbd-us.com
E-mail:  Erin.Epley@wbd-us.com
*Attorneys for Defendants*

11

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, a copy of the foregoing was sent via United States First-Class Mail to the *pro se* Plaintiff addressed as follows:

Terrance Johnson II
400 West 3rd Street
Apt. 6
Weldon, NC 27890

Plaintiff, *pro se*

*Erin H. Epley*

Erin H. Epley
N.C. State Bar No. 50690
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 747-6624
Facsimile: (336) 721-3660
E-mail: Erin.Epley@wbd-us.com
*Attorney for Defendants*

12

All training for this person matching the selected filter criteria are displayed.

**Training**

Online - (Law Enforcement 2022) 2022 Creating a Safety Net

| | |
|---|---|
| **Start Date** | **End Date** |
| 02/07/2022 | 02/15/2022 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 2h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

**Training**

Online - (Law Enforcement 2022) 2022 Domestic Violence: The Psychology of Whether to Stay or Go

| | |
|---|---|
| **Start Date** | **End Date** |
| 02/15/2022 | 02/15/2022 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 2h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

**Training**

Online - (Law Enforcement 2022) 2022 Ethics: Preempting Misconduct and Increasing Integrity

| | |
|---|---|
| **Start Date** | **End Date** |
| 02/15/2022 | 02/15/2022 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 2h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

**Training**

Online - (Law Enforcement 2022) 2022 Legal Update

| | |
|---|---|
| **Start Date** | **End Date** |
| 03/09/2022 | 03/09/2022 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 4h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

---

**Training**

Online - (Law Enforcement 2022) 2022 Practicing Proactive Wellness

| | |
|---|---|
| **Start Date** | **End Date** |
| 02/15/2022 | 02/16/2022 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 2h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

---

**Training**

Online - (Law Enforcement 2022) Incorporating a Co-Response: Partnering with Community Professionals

| | |
|---|---|
| **Start Date** | **End Date** |
| 02/16/2022 | 02/16/2022 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 2h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

**Training**

Online - (Law Enforcement 2022) Raising the Bar: Enhancing Community Engagement

| | |
|---|---|
| **Start Date** | **End Date** |
| 02/16/2022 | 02/16/2022 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 2h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

**Training**

Online - (Law Enforcement 2022) Subversive Groups: Maneuvering Encounters with Fringe Groups

| | |
|---|---|
| **Start Date** | **End Date** |
| 02/16/2022 | 02/16/2022 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 2h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

**Training**

Online - (Law Enforcement 2023) 2023 Enhancing Community Policing

| | |
|---|---|
| **Start Date** | **End Date** |
| 03/06/2023 | 03/06/2023 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 2h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

**Training**

Online - (Law Enforcement 2023) 2023 Ethics and Duty to Intervene

| | |
|---|---|
| **Start Date** | **End Date** |
| 02/06/2023 | 02/12/2023 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 2h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

---

**Training**

Online - (Law Enforcement 2023) 2023 Juvenile Justice Issues and Challenges

| | |
|---|---|
| **Start Date** | **End Date** |
| 03/06/2023 | 03/06/2023 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 4h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

---

**Training**

Online - (Law Enforcement 2023) 2023 Legal Update

| | |
|---|---|
| **Start Date** | **End Date** |
| 03/07/2023 | 03/07/2023 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 4h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

**Training**

Online - (Law Enforcement 2023) 2023 Mental Health Responses

| | |
|---|---|
| **Start Date** | **End Date** |
| 03/02/2023 | 03/03/2023 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 2h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

---

**Training**

Online - (Law Enforcement 2023) Accountability and Use of Force Report Writing

| | |
|---|---|
| **Start Date** | **End Date** |
| 01/03/2023 | 01/04/2023 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 1h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

---

**Training**

Online - (Law Enforcement 2023) Critical Stress on the Job

| | |
|---|---|
| **Start Date** | **End Date** |
| 02/20/2023 | 02/20/2023 |
| 👤 | **Grade** |
| *No information provided* | *No information provided* |
| **Hours** | **Training Category** |
| 2h 0m | Mandated Annual In-Service |
| **Student Status** | 📄 |
| Completed - Passed | *No information provided* |

**Training**

Online - (Law Enforcement 2023) Liability of Patrol Vehicle Operation

| **Start Date** | **End Date** |
|---|---|
| 01/03/2023 | 01/03/2023 |

| 👤 | **Grade** |
|---|---|
| No information provided | No information provided |

| **Hours** | **Training Category** |
|---|---|
| 1h 0m | Mandated Annual In-Service |

| **Student Status** | 📄 |
|---|---|
| Completed - Passed | No information provided |

**Training**

Online - (Law Enforcement 2023) Recognizing Assaultive Behaviors

| **Start Date** | **End Date** |
|---|---|
| 03/02/2023 | 03/02/2023 |

| 👤 | **Grade** |
|---|---|
| No information provided | No information provided |

| **Hours** | **Training Category** |
|---|---|
| 2h 0m | Mandated Annual In-Service |

| **Student Status** | 📄 |
|---|---|
| Completed - Passed | No information provided |

**Training**

Online - (Law Enforcement 2023) Recognizing Fake IDs

| **Start Date** | **End Date** |
|---|---|
| 01/05/2023 | 01/05/2023 |

| 👤 | **Grade** |
|---|---|
| No information provided | No information provided |

| **Hours** | **Training Category** |
|---|---|
| 1h 0m | Mandated Annual In-Service |

| **Student Status** | 📄 |
|---|---|
| Completed - Passed | No information provided |

**Training**

Online - (Law Enforcement 2024) 2024 Active Assailant: Preparation and Response

| **Start Date** | **End Date** |
|---|---|
| 03/23/2024 | 03/23/2024 |

**👤**
*No information provided*

**Grade**
*No information provided*

**Hours**
4h 0m

**Training Category**
Mandated Annual In-Service

**Student Status**
Completed - Passed

**📄**
*No information provided*

---

**Training**

Online - (Law Enforcement 2024) 2024 Domestic Violence: Overcoming Elder Abuse and Exploitation

| **Start Date** | **End Date** |
|---|---|
| 03/07/2024 | 03/23/2024 |

**👤**
*No information provided*

**Grade**
*No information provided*

**Hours**
2h 0m

**Training Category**
Mandated Annual In-Service

**Student Status**
Completed - Passed

**📄**
*No information provided*

---

**Training**

Online - (Law Enforcement 2024) 2024 Ethics: Increasing Professionalism – Law Enforcement, Detention

| **Start Date** | **End Date** |
|---|---|
| 03/23/2024 | 03/23/2024 |

**👤**
*No information provided*

**Grade**
*No information provided*

**Hours**
2h 0m

**Training Category**
Mandated Annual In-Service

**Student Status**
Completed - Passed

**📄**
*No information provided*

## Training

Online - (Law Enforcement 2024) 2024 Juvenile Justice Issues: Communication and Engagement

**Start Date**
03:24:2024

👤
*No information provided*

**Hours**
2h 0m

**Student Status**
Completed - Passed

**End Date**
03/24/2024

**Grade**
*No information provided*

**Training Category**
Mandated Annual In-Service

📄
*No information provided*

---

## Training

Online - (Law Enforcement 2024) 2024 Legal Update

**Start Date**
03/24/2024

👤
*No information provided*

**Hours**
4h 0m

**Student Status**
Completed - Passed

**End Date**
03/24/2024

**Grade**
*No information provided*

**Training Category**
Mandated Annual In-Service

📄
*No information provided*

---

## Training

Online - (Law Enforcement 2024) 2024 Legislative Update

**Start Date**
04/25/2024

👤
*No information provided*

**Hours**
4h 0m

**Student Status**
Completed - Passed

**End Date**
04/26/2024

**Grade**
*No information provided*

**Training Category**
Mandated Annual In-Service

📄
*No information provided*

## Training

### Online - (Law Enforcement 2024) Care Under Gunfire - Law Enforcement

**Start Date**
03/23/2024

**End Date**
03/23/2024

👤
*No information provided*

**Grade**
*No information provided*

**Hours**
2h 0m

**Training Category**
Mandated Annual In-Service

**Student Status**
Completed - Passed

📄
*No information provided*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## Civil Action No. 5:25-CT-3011-BO

| | | |
|---|---|---|
| TERRANCE JOHNSON II, pro se | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **PLAINTIFF'S APPENDIX** |
| | ) | **IN SUPPORT OF HIS MOTION** |
| **v.** | ) | **FOR SUMMARY JUDGMENT** |
| | ) | |
| | ) | |
| NICOLAS ESTES, et al. | ) | |
| | ) | |
| **Defendants** | ) | |

## APPENDIX IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

| Appendix Number | Description of Document | Appendix Page No. |
|---|---|---|
| 1 | Magistrates order from Plaintiff's Arrest on July 7, 2024...................................... | p. 1-p. 2 |
| 2 | Plaintiff's After Visit Summary from ECU Health, dated July 9, 2024................. | p. 3-p. 4 |
| 3 | Plaintiff's formal complaint, dated August 14, 2024............................................ | p. 5 |
| 4 | Envelope that was hand delivered on November 4, 2024...................................... | p. 6 |
| 5 | Letter that was sealed inside the envelope that was delivered November 4, 2024 | p. 7-8 |
| 6 | Dismissal Notice from November 13, 2024........................................................... | p. 9-10 |
| 7 | Incident Report authored by Defendant Nicolas Estes.......................................... | p. 11-21 |
| 8 | Google Maps screenshot of time it would take to walk to 407 Chestnut Street.... | p. 22 |
| 9 | Google Maps screenshot showing distance between location of Plaintiff's arrest and block party on 407 Chestnut Street................................................................. | p. 23 |
| 10 | Screenshot from Facebook page of Halifax County Sheriff's Office, representing Defendant Estes as a Deputy on April 24, 2024................................ | p. 24 |
| 11 | Screenshot from Facebook page of Halifax County Sheriffs Office, representing Defendant Estes as a Corporal and Defendant Cash as a Lieutenant on July 9, 2024.................................................................................................... | p. 25 |

1

| Appendix Number | Description of Document | Appendix Page No. |
|---|---|---|
| 12 | Screenshot from Facebook page of Halifax County Sheriffs Office, representing Defendant Cash as a Captain on February 16, 2025........................ | p. 26 |
| 13 | Screenshot from Facebook page of Halifax County Sheriffs Office, showing Defendant Estes as a Sergeant on April 27, 2025.................................................. | p. 27 |
| 14 | Halifax County Sheriff's Office Citizen Complaint policy.................................... | p. 28-32 |
| 15 | Response to Interrogatories and Requests for Production.................................... | p. 33-44 |
| 16 | Defendant Cash's training records........................................................................ | p. 45-53 |
| 17 | Bodycam footage from Defendant Estes | |
| 18 | Bodycam footage from Defendant Cash | |
| 19 | Seicane Surveillance mode time lapse video | |

2