IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:25-CT-03011-BO

| | | |
|---|---|---|
| TERRANCE JOHNSON, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' LOCAL CIVIL** |
| | ) | **RULE 56.1(a)(1) STATEMENT OF** |
| NICOLAS ESTES, ANTHONY CASH, and | ) | **MATERIAL FACTS** |
| TYREE DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Local Civil Rule 56.1(a)(1), Defendants Corporal Nicholas Estes, Lieutenant Anthony Cash, and Halifax County Sheriff Tyree Davis (collectively "Defendants") submit this Statement of Undisputed Material Facts in support of Defendants' Motion for Summary Judgment filed in this matter. There is no genuine dispute as to the following facts that are pertinent to Plaintiff Terrance Johnson, II's ("Plaintiff" or "Mr. Johnson") claims against Defendants.

The following exhibits are attached to the Appendix to Statement of Material Facts submitted contemporaneously herewith: **Exhibit 1**, Declaration of Nicolas H. Estes; **Exhibit 2**, Declaration of Anthony D. Cash; **Exhibit 3**, Video – "10_72_Terrance_Johnson_II_RDO_Disorderly - Nick Estes Body Cam disk" (to be manually filed upon motion); **Exhibit 4**, Video – "Assist_Weldon_144_arrest_ - Andy Cash Body Cam disk" (to be manually filed upon motion).

## CORPORAL ESTES

1.      After midnight on July 7, 2024, Corporal Estes responded to the area of Chestnut Street and West Third Street in Weldon, Halifax County, to assist the Weldon Police Department

with crowd control at a block party and related disturbances in the surrounding blocks. Communications and CAD/radio traffic reflected a substantial number of people in the area, congestion and blocked streets, and difficulty routing EMS due to the size and movement of the crowd. When Corporal Estes arrived near West Third Street, he encountered a man later identified as Plaintiff, Terrance Johnson II, standing in the roadway and loudly using profanity. Mr. Johnson was making statements such as "why the fuck are there so many of y'all out here, this is bullshit," "what the fuck is he doing?" (referring another officer on the scene), "I don't give a fuck," and "I'm going to say what I want to say, I'm going to say what the hell I want to say." These statements, in Corporal Estes' judgment at the time, were escalating an already tense situation. (Estes Decl. ¶ 2).

2. Corporal Estes directed Mr. Johnson to calm down and to stop yelling profanity in the street. Mr. Johnson continued to speak loudly within earshot and view of other persons in the area. Based on the time of night, the volume and nature of the statements, the presence of other people nearby, and the ongoing crowd conditions, Corporal Estes believed Mr. Johnson was causing a public disturbance and that his conduct was likely to provoke further escalation or a breach of the peace. Corporal Estes moved to take control of Mr. Johnson and to place him in handcuffs. (Estes Decl. ¶ 3).

3. As Corporal Estes made hands-on contact with Mr. Johnson, Mr. Johnson pulled his arm away from Corporal Estes' grasp and moved as if to run away. Mr. Johnson then fell forward. Corporal Estes immediately followed, gained control, and effected a brief takedown. The takedown and handcuffing occurred quickly. Corporal Estes did not strike Mr. Johnson or use any weapon. Once handcuffed, Mr. Johnson continued to speak loudly but was compliant, and no further force was used. (Estes Decl. ¶ 4).

2

4. Mr. Johnson was transported to the Halifax County Magistrate's Office, where he was presented to Magistrate Christopher Kidd and charged with disorderly conduct in violation of N.C. Gen. Stat. § 14-288.4 and resisting, delaying, or obstructing a public officer in violation of N.C. Gen. Stat. § 14-223. (Estes Decl. ¶ 5).

5. Corporal Estes' body-worn camera was activated throughout his involvement in Mr. Johnson's arrest, including the initial encounter, the hands-on control and takedown, the handcuffing, and the subsequent steps to transport and present Mr. Johnson to the magistrate. (Estes Decl. ¶ 6).

## LIEUTENANT CASH

6. After midnight on July 7, 2024, Lieutenant Cash responded to the area of Chestnut Street and West Third Street in Weldon, Halifax County, North Carolina to assist the Weldon Police Department with crowd control. Dispatch/CAD radio traffic contemporaneously reflected a large gathering in the area, congestion in the streets, and difficulties routing EMS because of the number of vehicles and people present. When Lieutenant Cash arrived near West Third Street, he saw Corporal Nicolas Estes engaging with a man later identified as Plaintiff, Terrance Johnson II, who was in the street and loudly protesting and using profanity within earshot of others in the area. (Cash Decl. ¶ 2).

7. As Lieutenant Cash approached the scene, he saw Mr. Johnson pull his arm away from Corporal Estes' grasp as Corporal Estes moved to take control of him. Corporal Estes effected a brief takedown to secure Mr. Johnson. Mr. Johnson was handcuffed within seconds. Lieutenant Cash did not observe any strikes, kicks, baton use, taser deployment, or other weapon use. The force used was limited to a takedown and handcuffing to gain control after Mr. Johnson physically pulled away. Once handcuffed, no further force was used. (Cash Decl. ¶ 3).

3

8.      In the ordinary course of his supervisory duties, Lieutenant Cash reviewed and approved the Incident/Investigation Report authored by Corporal Estes for this incident. That report was prepared at or near the time of the events and memorialized their observations and actions during the encounter with Mr. Johnson. (Cash Decl. ¶ 5).

**OTHER UNDISPUTED MATERIAL FACTS**

9.      The July 7, 2024, Magistrate Christopher Kidd's Order issued process for disorderly conduct and for resisting, delaying, or obstructing a public officer. Magistrate Kidd found that Plaintiff had been arrested without a warrant and that Plaintiff's detention was justified because there was probable cause to believe that Plaintiff unlawfully, willfully, and feloniously committed the offenses. (Doc. 41-1, pp. 4-5).

10.      The criminal charges were later dismissed on November 13, 2024, when Corporal Estes, then in training, was not available to appear on a rescheduled court date. (Doc. 41-1, pp. 12-13).

11.      Plaintiff presented to ECU Health with complaints of "knee pain" and "generalized body aches" on July 9, 2024. He was prescribed Naproxen (a nonsteroidal anti-inflammatory drug) and Tizanidine (a muscle relaxant). (Doc. 41-1, pp. 6-7).

Respectfully submitted, this the 15th day of December, 2025.

*/s/ Sonny S. Haynes*
Sonny S. Haynes
N.C. State Bar No. 41303
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC  27101
Telephone: (336) 726-3632
Facsimile: (336) 726-2227
E-mail: Sonny.Haynes@wbd-us.com

*Counsel for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, I electronically filed the foregoing **DEFENDANTS' LOCAL CIVIL RULE 56.1(a)(1) STATEMENT OF MATERIAL FACTS** with the Clerk of Court using the CM/ECF system, which will send email notification to the *pro se* Plaintiff.


Terrance Johnson, II
400 W. 3rd Street
Apt 6
Weldon, NC 27890
Terrancejohnson2008@yahoo.com

*Pro se Plaintiff*


*/s/ Sonny S. Haynes*
Sonny S. Haynes
N.C. State Bar No. 41303
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 726-3632
Facsimile: (336) 726-2227
E-mail: Sonny.Haynes@wbd-us.com

*Counsel for Defendants*

5