IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:25-CT-03011-BO

| | |
|---|---|
| TERRANCE JOHNSON, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **DECLARATION OF** |
| ) | **NICOLAS H. ESTES** |
| NICOLAS ESTES, ANDY CASH, and ) | |
| TYREE DAVIS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

I, Nicolas H. Estes, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Deputy Sheriff of the Halifax County Sheriff's Office. On July 7, 2024, I held the rank of Corporal. I have personal knowledge of the facts set forth in this declaration. My statements are based on my own observations and actions during the events of July 7, 2024, and on records made and kept in the ordinary course of law enforcement operations at the Halifax County Sheriff's Office.

2. After midnight on July 7, 2024, I responded to the area of Chestnut Street and West Third Street in Weldon, Halifax County, to assist the Weldon Police Department with crowd control at a block party and related disturbances in the surrounding blocks. Communications and CAD/radio traffic reflected a substantial number of people in the area, congestion and blocked streets, and difficulty routing EMS due to the size and movement of the crowd. When I arrived near West Third Street, I encountered a man later identified as Plaintiff, Terrance Johnson II, standing in the roadway and loudly using profanity. Mr. Johnson was making statements such as

"why the fuck are there so many of y'all out here, this is bullshit," "what the fuck is he doing?" (referring another officer on the scene), "I don't give a fuck," and "I'm going to say what I want to say, I'm going to say what the hell I want to say." These statements, in my judgment at the time, were escalating an already tense situation.

3. I directed Mr. Johnson to calm down and to stop yelling profanity in the street. Mr. Johnson continued to speak loudly within earshot and view of other persons in the area. Based on the time of night, the volume and nature of the statements, the presence of other people nearby, and the ongoing crowd conditions, I believed Mr. Johnson was causing a public disturbance and that his conduct was likely to provoke further escalation or a breach of the peace. I moved to take control of Mr. Johnson and to place him in handcuffs.

4. As I made hands-on contact with Mr. Johnson, he pulled his arm away from my grasp and moved as if to flee. He then fell forward. I immediately followed, gained control, and effected a brief takedown. The takedown and handcuffing occurred quickly. I did not strike Mr. Johnson or use any weapon. Lieutenant Anthony Cash arrived as I was securing Mr. Johnson. Once handcuffed, Mr. Johnson continued to speak loudly but was compliant, and no further force was used.

5. Mr. Johnson was transported to the Halifax County Magistrate's Office, where he was presented to Magistrate Christopher Kidd and charged with disorderly conduct in violation of N.C. Gen. Stat. § 14-288.4 and resisting, delaying, or obstructing a public officer in violation of N.C. Gen. Stat. § 14-223.

6. My body-worn camera was activated throughout my involvement in this incident, including the initial encounter, the hands-on control and takedown, the handcuffing, and the subsequent steps to transport and present Mr. Johnson to the magistrate. The video files generated

by my device are maintained by the Halifax County Sheriff's Office under standard chain-of-custody and retention procedures in the ordinary course of law enforcement operations. I have reviewed my body-worn camera recording from this incident bearing the file name "10_72_Terrance_Johnson_II_RDO_Disorderly - Nick Estes Body Cam disk," and it fairly and accurately depicts the events as I experienced them.

7. I declare under penalty of perjury that the foregoing is true and correct.

Executed on December _____, 2025.

                                                      _____
                                                                                   Nicolas H. Estes