IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:25-CT-03011-BO

FILED
DEC 16 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

| | |
|---|---|
| TERRANCE JOHNSON, II, pro se<br><br>Plaintiff,<br><br>v.<br><br>NICOLAS ESTES, et al.<br><br>Defendants, | PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS AND MOTION TO DEEM THEIR MOTION FOR AN EXTENSION OF TIME TIMELY FILED (D.E. 44) |

NOW COMES Plaintiff Terrance Johnson II, pro se, and respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 54(b), for Reconsideration of its Order Granting Defendants' Motion for Extension of Time to File Dispositive Motions and Motion to Deem Their Motion for an Extension of Time Timely Filed. (Docket Entry 44). For the reasons stated herein, the Order constitutes clear legal error.

I. **ARGUMENT AND AUTHORITIES**

A. THE COURT'S ORDER CONSTITUTES AN IMPERMISSIBLE DE FACTO NUNC PRO TUNC ORDER.

1. ISSUE: Whether the Court's Order on December 5, 2025, which retroactively grants Defendants relief for a deadline they missed, functions as an unlawful use of a de facto nunc pro tunc order. (D.E. 44).

2. RULE: The doctrine of nunc pro tunc has an extremely limited, proper function in the 4th Circuit. It is defined and limited as follows: "Nunc pro tunc literally means '[n]ow

1

for then.'" *Glynne v. Wilmed Healthcare*, 699 F. 3d 380, 383 (4th Cir. 2012) (quoting *Maksymchuk v. Frank*, 987 F.2d 1072, 1075 n. 2 (4th Cir. 1993) (quoting 67 *Corpus Juris Secundum* at 1 (1978)). This doctrine has been defined as "'a procedure whereby a determination previously made, but for some reason improperly entered or expressed, may be corrected and entered as of the original time when it should have been, or where there has been an omission to enter at all.'" *Id.* at 383 (quoting *Maksymchuk*, 987 F.2d at 1075 (quoting 67 *C.J.S.* at 2 (1987)). "The purpose of an order entered nunc pro tunc is to correct mistakes or omissions in the record so that the record properly reflects events that actually took place. It may not be used to retroactively record an event that never occurred or have the record reflect a fact that never existed." *Id.* at 383-384 (citing *Ex parte Buskirk*, 72 F. 14, 20-21 (4th Cir. 1896); *Rockingham Cnty. Dep't of Soc. Servs. v. Tate*, 202 N.C. App. 747, 751-52 689 S.E. 2d 913, 916-17 (2010)). The court has reiterated "that nunc pro tunc orders cannot operate to modify orders theretofore made or to take the place of orders intended to be made but omitted....[, and even] where the court has omitted to make an order which could have been made, and in fact intended to make, it cannot subsequently make the same nunc pro tunc, so as to make it binding upon the parties to the suit from the date when it was so intended to have been entered...." *Id.* at 384 (citing *Buskirk*, 72 F. at 20-21). "An entry nunc pro tunc is an entry made now of something which was previously done, to have effect as of the former date, the function, object, or purpose of such entry being to make the record speak the truth.... It is not, on the other hand, the function of such entry by a fiction to antedate the actual performance of an act which never occurred...." *Id.* at 384 (quoting

2

*Matthies v. R. R. Ret. Bd.*, 341 F.2d 243, 246 (8th Cir. 1965) (internal quotation marks omitted). The Courts have "reminded the district courts time and time again, the only proper office of a nunc pro tunc order is to correct a mistake in the records; it cannot rewrite history." *Id.* (quoting *Cent. Laborers' Pension, Welfare & Annuity Funds* v. *Griffee*, 198 F. 3d 642, 644 (7th Cir. 1999)).

3. APPLICATION: Defendants concede that, "[d]ue to a calendaring error, the undersigned counsel did not file a Motion for Extension of Time on December 1, 2025. On December 4, 2025, Defendants requested a brief extension of the dispositive motions deadline until December 15, 2025, to finalize the filing with all supporting documents. [D.E. 42]." (D.E. 43 at 2). There is no prior mistake, omission, act, or court order in the record to "correct." *Glynne*, 699 F.3d at 384. This is an open request for the Court to "rewrite history." *Id.* On December 5, 2025, the Court granted Defendants' Motion to Deem Docket Entry 42 Timely Filed (D.E. 43), which was filed on December 4, 2025; this Order (D.E. 44) granted Defendants the *right* to have a filing that was made on December 4, 2025, be deemed as filed timely on December 1, 2025. This action fictitiously treats the motion as if it were timely filed on December 1, 2025, and has the effect of "antedat[ing] the actual performance of an act which never occurred," which is precisely the type of legal fiction *Glynne* forbids. *Glynne*, 699 F.3d at 384.

4. CONCLUSION: The Court's Order operates as a de facto nunc pro tunc order, which grants retroactive relief for a *missed* deadline, and rewrites history. This Order is clearly a legal fiction under Glynne and must be vacated.

B. THE COURT COMMITTED CLEAR ERROR BY APPLYING THE "GOOD CAUSE" STANDARD TO A POST DEADLINE MOTION.

1. ISSUE: Whether the Court committed clear legal error by granting Defendants an extension of time under the "good cause" standard *after* their court ordered deadline had expired (D.E. 44).

2. RULE: Federal Rule of Civil Procedure 6(b)(1) mandates two distinct standards. A motion made before a deadline expires is governed by the "good cause" standard of Rule 6(b)(1)(A). A motion made after a deadline expires is governed by the more stringent "excusable neglect" standard of Rule 6(b)(1)(B).

3. APPLICATION: Defendants' requested deadline (D.E. 28) of December 1, 2025, was established by this Court's order. (D.E. 29). Defendants filed a Motion for Extension of Time after this self requested December 1, 2024 deadline had expired (D.E. 42). The exclusive legal standard governing their motion was therefore the "excusable neglect" standard of Rule 6(b)(1)(B). The Court used the "good cause" standard. (D.E. 44).

4. CONCLUSION: The Court's Order, in granting the motion, applied an incorrect, more lenient legal standard, than was required under the circumstances. This was a clear error under controlling Fourth Circuit precedent.

C. DEFENDANTS CANNOT SATISFY THE "EXCUSABLE NEGLECT" STANDARD.

1. ISSUE: Whether Defendants' proffered excuse of a "calendaring error" by their three attorneys constitutes excusable neglect. (D.E. 42 at 1).

4

2. RULE: The 4th Circuit explained that the Supreme Court set forth the weighable factors for evaluating "excusable neglect," which include: "danger of prejudice to the [non-mov-ant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant [sic], and whether the movant acted in good faith." *Thompson v. E.I. Dupont De Nemours & Co., Incorporated*, 76 F.3d 530, 533 (4th Cir. 1996) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395). Excusable neglect is not easily demonstrated, nor was it intended to be. *Id*. at 534. Critically, the "burden of demonstrating excusability lies with the party seeking the extension and a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing." *Id*. (citing *In re O.P.M. Leasing Serv., Inc.*, 769 F.2d 911, 917 (2d Cir. 1985) (emphasis added) (quoting 9 J. Moore & B. Ward, *Moore's Federal Practice* ¶ 204.13[1.-3], at 4-97 to 4-98 (2d ed. 1985) (footnotes omitted)).

3. APPLICATION: Three of the Four Pioneer factors weigh decisively against Defendants:

   i. DANGER OF PREJUDICE TO THE NON MOVANT: In meeting the December 1, 2025 deadline, Plaintiff traveled to the District Court in Raleigh, to file a complete Motion for Summary Judgment and supporting documents (D.E. 38, 40-41). This is a road map to Plaintiff's arguments on the legal authorities that govern this case. This is not information that opposing counsel would have access to when normally constructing a Motion for Summary Judgment. It is extremely prejudicial for Plaintiff to diligently meet the Court's deadline for Dispositive Motions, only for Defendants

5

to be granted the special right of having ten extra discovery days, to construct a dispositive motion, with Plaintiff's complete Motion for Summary Judgment *sitting on the desk of Defense Counsel*. The prejudice is readily apparent and undeniable. This allows Defendants tailor a dispositive motion to Plaintiff's, in an attempt to create a sham issue of fact. The Court should not allow Plaintiff to be prejudiced as a result of diligently meeting the Court's scheduled deadline.

ii. REASON FOR DELAY, INCLUDING WHETHER IT WAS WITHIN THE REASONABLE CONTROL OF MOV-ANT: The delay involves Defendants missing a firm, *self requested* dispositive motion deadline. (D.E. 28). The sole proffered reason, a "calendaring error" (D.E. 42 at 1), is the exact type of "run-of-the-mill inattentiveness by counsel" that does not meet the standard for excusable neglect under *Thompson*, 76 F.3d 530 at 535.

iii. LENGTH OF DELAY AND IMPACT TO PROCEEDINGS: A ten day extension is a small amount of time; this is the only factor weighing in Defendants' favor. This case can also still be decided on the merits as Plaintiff has submitted a complete motion for summary judgment, that requires a response to the asserted facts in this case. Also critically, the facts are on video, and cannot be contested.

iv. WHETHER THE MOVANT ACTED IN GOOD FAITH: The facts in Plaintiff's MSJ are uncontested; as shown by the record, Defendants have not proffered any particular narrative or set of facts during the discovery phase, that could permissibly be used to combat the facts in Plaintiff's Statement of Undisputed Material Facts. Furthermore, the record does not reflect Defendants ever producing the identity of Corporal Guy

6

Caine and the other unnamed officer during discovery, which is an obligation under Rule 22. Defendants have helped these individuals to escape possible liability and exposure to these legal proceedings, as it is too late to amend, and Plaintiff still does not know the identity of one deputy who was on scene. This displays a lack of candor, destroys the credibility of Defendants, and most importantly, demonstrates bad faith.

4. CONCLUSION: Plaintiff would be severely prejudiced by Defendants being afforded a fifteen day preview of Plaintiff's dispositive motion. The reason for the delay, is systemic and inexcusable, as *three* licensed attorneys are currently on record in this case; all of which, did not insure that Defendants fulfilled their obligation to met the December 1, 2025 deadline for dispositive motions. The motions at issue, were also not submitted in good faith, as Defendants have displayed an ongoing lack of candor and a dismissive attitude towards this case throughout, which is evidenced by the record. Accordingly, Defendants reasoning behind the failure to timely request an extension, does not meet the standard for *excusable* neglect.

## II.  CONCLUSION

Though not having access to Westlaw or LexisNexis, Plaintiff could not find any 4th Circuit case law on this specific situation, one where a Party has been granted an extension of a dispositive motions deadline, *after* the opposing party has submitted a *timely* dispositive motion. While this *exact* situation could *possibly* be unprecedented in this Circuit, under binding 4th Circuit authorities, Defendants' conduct constitutes simple attorney negligence, which does not constitute as excusable neglect under the standard. The Court is also not permitted to use a de facto nunc pro tunc Order, to retroactively escape the controlling "excusable neglect" standard.

7

The Court clearly erred in granting relief to which Defendants would not be entitled, if reviewed under the correct legal standard. Furthermore, the case can still be decided on the merits, as Plaintiff filed a complete MSJ, to which Defendants could use their required response to contest any issues of fact, that are depicted by the video evidence. An extension in this situation is redundant, and does not satisfy the standard for such relief.

III. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff for the foregoing reasons, respectfully prays that this Court:

1. VACATE its Order (D.E. 44) granting Defendants an extension of time to file dispositive motions;

2. In the alternative, MODIFY said Order to permit Defendants an extra 30 days to file *only* a response to Plaintiff's timely filed Motion for Summary Judgment and to bar them from filing any new, out of time dispositive motions; and

3. Set Plaintiff's timely Motion for Summary Judgment for consideration, after a response by Defendants and any subsequent reply.

Respectfully submitted this 11th day of December, 2025.

Terrance Johnson II
400 West Third Street
Apartment 6
Weldon, North Carolina 27890
Telephone: (252) 529-5022
Email:terrancejohnson2008@yahoo.com
Plaintiff, pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the forgoing **PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS AND MOTION TO DEEM THEIR MOTION FOR AN EXTENSION OF TIME TIMELY FILED (D.E. 44)** has been sent to the following Attorney for the Defendants via United States Postal Service on this 11th day of December, 2025.

Sonny S. Haynes
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3632
Facsmile: (336)726-2227

Terrance Johnson II
400 West 3rd Street
Apt 6
Weldon, North Carolina 27890
Email:TerranceJohnson2008@yahoo.com
Telephone: (252)529-5022
Plaintiff, pro se