IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:25-CT-03011-BO

| | | |
|---|---|---|
| TERRANCE JOHNSON, II, pro se | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S LOCAL CIVIL** |
| | ) | **RULE 56.1(a)(2) OPPOSING** |
| v. | ) | **STATEMENT OF FACT** |
| | ) | |
| | ) | |
| NICOLAS ESTES, et al. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |

Pursuant to Local Civil Rule 56.1(a)(2), Plaintiff Terrance Johnson, II, *pro se* submits this

Local Civil Rule 56(a)(2) Opposing Statement of Facts in support of Plaintiffs Motion in

Opposition of Defendants' Cross Motion for Summary Judgment.

1.     Paragraph 1 of Defendants' Local Rule 56.1(a)(1) Statement of Material Facts

states "After midnight on July 7, 2024, Corporal Estes responded to the area of Chestnut Street

and West Third Street in Weldon, Halifax County, to assist the Weldon Police Department with

crowd control at a block party and related disturbances in the surrounding blocks.

Communications and CAD/radio traffic reflected a substantial number of people in the area,

congestion and blocked streets, and difficulty routing EMS due to the size and movement of the

crowd. When Corporal Estes arrived near West Third Street, he encountered a man later

identified as Plaintiff, Terrance Johnson II, standing in the roadway and loudly using profanity.

Mr. Johnson was making statements such as "why the fuck are there so many of y'all out here,

this is bullshit," "what the fuck is he doing?" (referring another officer on the scene), "I don't

give a fuck," and "I'm going to say what I want to say, I'm going to say what the hell I want to say." These statements, in Corporal Estes' judgment at the time, were escalating an already tense situation."

    1.    **Response**: Paragraph 1 is **disputed** to the extent that the disturbance Defendants Estes and Cash were responding to, was in the *surrounding blocks* and not *on* West Third Street. Plaintiff was not "standing in the roadway" when Defendant Estes arrived, and Plaintiff did not ask "why the fuck are there so many of yall out here?" Plaintiff also was never *standing* on West Third Street at any point, but was *walking across* West Third Street when Defendant Estes arrived. Plaintiff responded "that's bullshit" to Defendant Estes in a verbal exchange. These words were in response to Defendant Estes offered justification for the dangerous driving of Corporal Guy Caine, who is "another officer" mentioned in Defendants' Paragraph 1. Defendant Estes *knew* Plaintiff's conduct was not "escalating an already tense situation," as there was no tense situation at the intersection of West Third Street and Chestnut Street, until Corporal Guy Caine came speeding the wrong direction up West Third Street *while Plaintiff was crossing the street*. The only tense situation that occurred after Corporal Estes arrived, was an argument between Corporal Estes and Plaintiff, about the manner in which Corporal Caine was arriving. Plaintiff was never upset with the amount of officers, as the argument between Corporal Estes and Plaintiff, was based around Plaintiff's criticism of Corporal Caine's driving specifically. (Doc. 46, Seicane video, 00:02:48-00:02:53; Doc. 54, Defs.' Ex. 3 Estes Bodycam, 00:00:14-00:00:50; Defs.' Ex. 4 Cash Bodycam, 00:00:27-00:00:36; Johnson Decl. ¶¶ 3-5).

2.     Paragraph 2 of Defendants' Local Rule 56.1(a)(1) Statement of Material Facts

states "Corporal Estes directed Mr. Johnson to calm down and to stop yelling profanity in the

street. Mr. Johnson continued to speak loudly within earshot and view of other persons in the

area. Based on the time of night, the volume and nature of the statements, the presence of other

people nearby, and the ongoing crowd conditions, Corporal Estes believed Mr. Johnson was

causing a public disturbance and that his conduct was likely to provoke further escalation or a

breach of the peace. Corporal Estes moved to take control of Mr. Johnson and to place him in

handcuffs."

2.     **Response**: Paragraph 2 is **disputed** to the extent that there were no "other people

nearby" or "persons in the area" that were "within earshot" of Plaintiff's words to Corporal

Estes. Plaintiff contends that Corporal Estes did *not* believe that Plaintiff's "conduct was likely to

provoke further escalation or a breach of the peace." Plaintiff was arrested for specifically

"cursing in the street." Nothing was said to Plaintiff about a crowd of people, or inciting

violence, as there was no crowd within earshot of Plaintiff's arrest. Plaintiff's conduct was to the

opposite effect of breaching the peace. There was also only 4 seconds between the time Corporal

Estes first told Plaintiff to "stop cursing in the street," to when Plaintiff turned to walk away.

During the time of Plaintiff's seizure, Plaintiff had disengaged from Corporal Estes, in an

attempt to not let the situation escalate any further. Plaintiff's tone and words had softened, but

his assertive demeanor did not. Plaintiff however reluctantly it may be, complied with Corporal

Estes' commands to stop "cursing in the street," and to take his "ass" up the street, as he was

walking away at the time of Corporal Estes' attempt to "take control" of Plaintiff. (Doc. 46,

Seicane video, 00:02:48-00:02:53; Doc. 54, Defs.' Ex. 3 Estes Bodycam, 00:00:27-00:01:10,

00:03:16-00:03:26; Defs.' Ex. 4 Cash Bodycam, 00:00:30-00:00:57, 00:04:21-00:04:30; Johnson Decl. ¶¶ 4-5).

3.　　Paragraph 3 of Defendants' Local Rule 56.1(a)(1) Statement of Material Facts states "As Corporal Estes made hands-on contact with Mr. Johnson, Mr. Johnson pulled his arm away from Corporal Estes' grasp and moved as if to run away. Mr. Johnson then fell forward. Corporal Estes immediately followed, gained control, and effected a brief takedown. The takedown and handcuffing occurred quickly. Corporal Estes did not strike Mr. Johnson or use any weapon. Once handcuffed, Mr. Johnson continued to speak loudly but was compliant, and no further force was used."

3.　　**Response**: Paragraph 3 is **disputed** to the extent as follows: Corporal Estes made "hands-on" contact with Plaintiff *without* issuing a command to Plaintiff that would indicate an intention to put Plaintiff in handcuffs. The contact was sudden and without warning. Plaintiff did not move "as if to run away," as Plaintiff also fell backwards onto his back, and not forward as alleged. (Doc. 46, Seicane video, 00:02:48-00:02:53; Doc. 54, Defs.' Ex. 3 Estes Bodycam, 00:00:50-00:01:06; Defs.' Ex. 4 Cash Bodycam, 00:00:27-00:00:57; Johnson Decl. ¶¶ 6-7).

4.　　**Response**: Paragraph 4 is **undisputed**.

5.　　Paragraph 5 of Defendants' Local Rule 56.1(a)(1) Statement of Material Facts states "Corporal Estes' body-worn camera was activated throughout his involvement in Mr. Johnson's arrest, including the initial encounter, the hands-on control and takedown, the handcuffing, and the subsequent steps to transport and present Mr. Johnson to the magistrate."

5.     **Response**: Paragraph 5 is **disputed** to the extent that Corporal Estes' bodycam was not activated during "subsequent steps to transport and present" Plaintiff to the magistrate. Corporal Estes deactivated his bodycam when he got into the patrol vehicle to transport Plaintiff. ( Doc. 54, Defs.' Ex. 3 Estes Bodycam, 00:06:10-00:07:52; Johnson Decl. ¶ 9).

6.     Paragraph 6 of Defendants' Local Rule 56.1(a)(1) Statement of Material Facts states "After midnight on July 7, 2024, Lieutenant Cash responded to the area of Chestnut Street and West Third Street in Weldon, Halifax County, North Carolina to assist the Weldon Police Department with crowd control. Dispatch/CAD radio traffic contemporaneously reflected a large gathering in the area, congestion in the streets, and difficulties routing EMS because of the number of vehicles and people present. When Lieutenant Cash arrived near West Third Street, he saw Corporal Nicolas Estes engaging with a man later identified as Plaintiff, Terrance Johnson II, who was in the street and loudly protesting and using profanity within earshot of others in the area."

6.     **Response**: Paragraph 6 is **disputed** to the extent that when Lieutenant Cash arrived near West Third Street, he encountered Plaintiff before Corporal Estes did. Furthermore, Plaintiff was not engaging with Corporal Estes, cursing, *or* in the street when Lieutenant Cash arrived. Plaintiff actually spoke and exchanged polite words with Lieutenant Cash as he passed by Plaintiff, walking in the direction of the block party. There were no "others" in the immediate area when Plaintiff was arrested. (Doc. 46, Seicane video, 00:02:48-00:02:53; Doc. 54, Defs.' Ex. 3 Estes Bodycam, 00:00:14-00:00:50; Defs.' Ex. 4 Cash Bodycam, 00:00:00-00:00:33; Johnson Decl. ¶¶ 3-5).

7.      Paragraph 7 is **undisputed**.

8.      Paragraph 8 of Defendants' Local Rule 56.1(a)(1) Statement of Material Facts states "In the ordinary course of his supervisory duties, Lieutenant Cash reviewed and approved the Incident/Investigation Report authored by Corporal Estes for this incident. That report was prepared at or near the time of the events and memorialized their observations and actions during the encounter with Mr. Johnson."

8.      **Response**: Paragraph 8 is **disputed** to the extent that the incident report authored by Corporal Estes, does not memorialize their *true* observations and actions during the encounter with Plaintiff, as it contains misstatements. Plaintiff did not attempt to run from Corporal Estes; Plaintiff was not arrested at a block party, or in front of a crowd of people. (Doc. 41-1, p. 24; Doc. 46, Seicane video, 00:02:48-00:02:53; Doc. 54, Defs.' Ex. 3 Estes Bodycam, 00:00:14-00:01:10; Defs.' Ex. 4 Cash Bodycam, 00:00:00-00:00:57; Johnson Decl. ¶¶ 3-7)

9.      Paragraph 9 is **undisputed**.

10.     Paragraph 10 of Defendants' Local Rule 56.1(a)(1) Statement of Material Facts states "The criminal charges were later dismissed on November 13, 2024, when Corporal Estes, then in training, was not available to appear on a rescheduled court date."

10.     **Response**: Paragraph 10 is **disputed** to the extent that Defendants have produced no documentary evidence showing that Corporal Estes was in training on either of Plaintiff's scheduled trial dates, even after Plaintiff requested such evidence. Defendants have produced training records for Lieutenant Cash and Sheriff Davis. Training records for Corporal Estes have not been produced by Defendants. Furthermore, Lieutenant Cash's training records indicate that

all of their training is online based and sessions even as short as two hours are allowed to be completed in a timeframe of up to more than two weeks from start date to finish date, indicating that Corporal Estes in fact was not *required* to be in training on either of Plaintiff's scheduled trial dates. (Doc 41-1, p. 54)

      11.     Paragraph 11 is **undisputed**.

Respectfully submitted this 6th day of January, 2026.

Terrance Johnson II
400 West Third Street
Apartment 6
Weldon, North Carolina 27890
Telephone: (252) 529-5022
Email:TerranceJohnson2008@yahoo.com
*Plaintiff, pro se*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing **PLAINTIFF'S LOCAL**

**CIVIL RULE 56.1(a)(2) STATEMENT OF FACT** has been sent to the following Attorney for

the Defendants via United States Postal Service on this 6th day of January, 2026.

Sonny S. Haynes
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3632
Facsmile: (336)726-2227

Terrance Johnson II
400 West 3rd Street
Apt 6
Weldon, North Carolina 27890
Email:TerranceJohnson2008@yahoo.com
Telephone: (252)529-5022
*Plaintiff, pro se*